EARL WHEELER, by his next friend, J. A. WHEELER, v. CITY OF BOONE, Appellant.

| 108 | 235 |
|-----|-----|
| 113 | 745 |

| 108 | 235 |
|-----|-----|
| 116 | 650 |

| 108 | 235 |
|-----|-----|
| 118 | 420 |

**Negligence:** SIDEWALKS: *Tricycles.* One injured while riding a tricycle on a sidewalk can recover only if the city was negligent in failing to keep the sidewalk in suitable condition for people to walk over, and he, while riding the tricycle, exercising due care, was injured because of such neglect.

KNOWLEDGE OF CITY: *Jury question.* Testimony that a defect in a sidewalk had existed for about two months and strong testimony on part of persons who used the walk, and who ought to have known of a defect if it existed, that they did not know of it, leaves the knowledge of the city a jury question.

**Instructions and Evidence:** FUTURE PAIN. Submission to the jury of the question of future pain, in action for personal injuries, is error; there being no evidence that there would be any, and plaintiff seeming at the time of the trial to be well of his injuries, so far as they would cause him pain.

**Ordinance:** CONSTRUCTION: *Bicycle and tricycle.* An ordinance against the use of sidewalks by "all varieties of vehicles known by the general term "bicycles," or one providing that no one shall "lead, ride, or place any beast of burden or vehicle on any sidewalk," other than going in or out of premises, or one prohibiting riding

or driving other than between the curb lines of a street, has no application to a tricycle operated by hand for the convenience of one unable to walk.

*Appeal from Boone District Court.*—Hon. D. R. Hindman, Judge.

Saturday, April 8, 1899.

Action for personal injuries. Judgment for plaintiff, and defendant appealed.—*Reversed.*

*Whitaker & Dale* for appellant.

*R. J. Jordan* for appellee.

Granger, J.—I.   The plaintiff, Earl Wheeler, is a boy fourteen years of age, and is afflicted by a stiffening of the muscles and joints, through what is called "callositation." Because of this, he is moved about on a tricycle. About April 8, 1897, he was going to school with his brother, a boy two years his junior, to draw or push the tricycle; and on one of the walks of defendant city, because of a defect in the walk, he was thrown from the tricycle and injured; and this action is for the damage suffered. The walk on which the accident occurred was four feet in width, made of boards placed on three stringers. The defect, as shown, was in one of the boards, about eight inches wide, being broken, so that on one side of the walk it was from one and a half to two inches below the surface; and, when stepped upon, it would go down, and then spring back, so as to be as we have described. This was at a place where the walk descended in the direction the boys were going; and it appears from their testimony that they were going quite fast down the hill, and the younger brother, who had been pulling the vehicle with a rope, because of its speed left the front, and went behind it to hold it back; and, just as he reached there the front wheel went into the hole in the walk and Earl fell out and was inured. It is urged to us that the evidence does not justify a finding of negli-

gence on the part of the city, nor that the boy was injured because of the defect in the walk. We cannot agree with appellant as to either. We would be better satisfied with a finding for the city on both questions, but it is not to be well said that there is not a substantial conflict, as to both propositions, in the evidence. As to the condition of the walk, and how long it had been out of repair, there was affirmative proof that the walk had been for some time—two months or less,—in the condition we have described, so that the city, in exercise of ordinary care, would have known it. There is a strong showing from those who used the walk, and ought to have known of the defect, if it was there, that they did not know of it; but, with the affirmative proof of the fact, this want of knowledge does not destroy the conflict. As to how the injury occurred, the boys both say the wheel of the tricycle went into the hole, and Earl was thrown out. It is true, they do not agree as to some particulars that might be considered in weighing the evidence, but nothing so overcomes their statements as to nullify the finding of the jury.

II.    The city has an ordinance prohibiting the use of its sidewalks of "all varieties of vehicles known by the general term 'bicycles.'" Defendant offered the ordinance in evidence, and it was rejected, and rightly so, for it was immaterial; a tricycle not being a bicycle. Nor are they known by the general term "bicycle." It is probably true that both are vehicles, but the ordinance is not against the use of vehicles, unless they come under the general term "bicycle."

III.    The court also rejected, as evidence, an ordinance as follows: "Whoever shall lead, ride, or place any beast of burden, or vehicle on any sidewalk or footway, otherwise than going in or out of premises owned or occupied by himself or his employer, or shall allow the same to stand or remain upon any street crossing, to the inconvenience of persons, shall be deemed guilty of a midemeanor." The ruling was right. There is no more reason to think the ordinance was intended

to prohibit the use of a tricycle, as this was made, than the use of a baby cab, or invalid chair on wheels. It is very clear that it has no reference to vehicles used and propelled by individuals, like bicycles or tricycles. The court also excluded an ordinance prohibiting riding or driving other than between the curb lines of the street, but the ordinance was manifestly intended to prohibit riding or driving beasts other than between the curb lines. This conclusion arises from construing the several provisions together. The ordinance as to bicycles was evidently intended to cover the subject of vehicles of the general nature. Whatever may be said as to general rules of law prohibiting vehicles, including bicycles, on sidewalks, we have yet to learn of any general or local law prohibiting the use of carriages operated by hand on sidewalks for the convenience of those unable to walk; and no law should be given such effect by construction.

IV. The court instructed that while the city was required to keep its walks in reasonably safe condition for pedestrians exercising reasonable care, it was not required to keep them in safe condition for people riding thereon in tricycles, and, as the accident in this case occurred while the plaintiff was on a tricycle, the liability of the city must be tested by the same rule that would obtain had plaintiff been walking, and then been injured; that is, if the city was negligent in failing to keep the walk in suitable condition for people to walk over, and plaintiff, while riding on the tricycle, in the exercise of due care, was injured because of such neglect, he could recover. We think the rule a correct one. It differs from the oft-expressed rule only in this: that persons who have a right to ride on the sidewalks in such vehicles may rely, the same as footmen may, on the walks being in a suitable condition for people to walk over, and have the same rights in case of injuries resulting from neglect. Such a rule places no additional burden on the public, and seems to be just as to the individual,

V.  A complaint as to the fourteenth instruction given
by the court is without merit.  There is also a complaint as to
the fifteenth instruction given.  After verdict, the court per-
mitted plaintiff to so amend the petition as to claim damages
for future pain and suffering.  The court had, by its instruc-
tions, already permitted such recovery, if the jury found for
plaintiff, and error is now assigned on the giving of the
instruction; and it is said the evidence was not such as to
warrant the amendment, or a recovery for mental and physi-
cal pain in the future, unless the allegation of permanent
injury would, by implication, include that of future pain.
The petition contains no such averment, and, in argument,
appellee attempts to sustain the instruction as given on that
theory.  The petition contains an express allegation of phsyi-
cal and mental pain which plaintiff has suffered, but no aver-
ment that he will so suffer in the future.  The case seems to
have been tried on that theory, except as to the instruction
given by the court; and it does not appear that the parties
had in view such an issue until the question arose after
verdict, when, to meet the conditions, the amendment was
filed.  The case is to be reversed, and what we have said will
be sufficient to avoid any difficulty on another trial on this
branch of the case.  It is explicitly charged in argument that
there is no evidence as a basis for a recovery for future pain,
and appellant sets out the evidence to show that there could
be no such recovery.  Appellee in no way attempts to meet
this, and we find no evidence on which damages of this char-
acter could rest.  So far as we find evidence bearing on that
question, it is against even a probability of such suffer-
ing.  It is true that he will suffer pain because of his
former ailment, and would without his injuries com-
plained of.  If there is any evidence from which it could be
found that the injuries would increase his suffering after the
trial, we do not discover it; and we think, if there was such it
would have been, in view of appellant's claim, pointed out.
The injury was early in April, and the trial was the first

days of October following, when he seemed to be well of his injuries, in so far as they would cause him pain. It is true that there remained a permanent enlargement of the bone of the leg, but it does not appear that it would be painful. For the error in submitting the question of future pain and suffering, the judgment must stand REVERSED.