MORRISON v. CITY OF SYRACUSE.

(Supreme Court, Appellate Division, Fourth Department.   November 28, 1899.)

1. MUNICIPAL CORPORATIONS—INJURY TO BICYCLE RIDER.

   One injured while rightfully riding a bicycle on the sidewalk cannot re-
   cover if the sidewalk was in a reasonably safe condition for pedestrians,
   though it was not in a reasonably safe condition for bicycle riding.

2. SAME—ERRONEOUS INSTRUCTIONS.

   Where the court refused to charge that defendant city was not an insurer
   of the safe condition of the sidewalk as against accidents to bicyclers
   thereon, and erroneously instructed that defendant was bound to furnish a
   reasonably safe walk for bicycle riding, a subsequent instruction that the
   city did not owe to the plaintiff the exercise of the same degree of care as
   to the condition of the walk in question that it did to a pedestrian, is not
   such a clear correction of the error in the former instruction that the jury
   could not have been misled thereby.

Appeal from trial term, Onondaga county.

Action by Minnie Morrison against the city of Syracuse for per-
sonal injuries.   From a judgment for plaintiff, and an order deny-
ing a motion for new trial, defendant appeals.   Reversed.

Upon the 12th day of September, 1897, the plaintiff was injured, while rid-
ing a bicycle upon a sidewalk in the city of Syracuse, at the corner of Manlius
street and Durston avenue.   This corner is at the extreme limit of the city,
and beyond the business and the main residence portions.   The ground was
low, and the walk was at least eight inches above the surface of the ground.
The walk was four feet wide, and at this corner the walk on Durston avenue
as it met the walk on Manlius street was sunken, as the evidence of the plain-
tiff shows, about eight inches upon the inner side.   The outer side was level
with the walk on Manlius street.   This sinking had been caused by the wash-
ing out of the foundations of the walk at that place.   This condition had ex-
isted for several months.   Upon the day in question the plaintiff was riding
along Manlius street towards Durston avenue, and some people were ahead of
her, which fact, together with the fact that weeds had grown up by the walk,
is claimed by the defendant to have prevented her seeing the condition of the
walk in time to avoid the accident.   Her claim is that in turning from Man-
lius street to Durston avenue this depression caused her to fall from her wheel,
and receive the injury for which she has brought this action.

Argued before HARDIN, P. J., and ADAMS, McLENNAN,
SPRING, and SMITH, JJ.

Harry E. Newell, for appellant.

Frederick A. Kuntzsch, for respondent.

SMITH, J.   The defendant, in its brief, urges four objections to
the plaintiff's recovery:   First, that the plaintiff has not shown
herself free from contributory negligence;   second, that the defend-
ant is not shown to be guilty of the negligence which caused the
injury;   third, that the plaintiff was unlawfully upon the walk;
fourth, that the city was only bound to have its walks in a rea-
sonably safe condition for pedestrians.   The exception which is
made the basis of the fourth objection arose in response to the
eleventh request to charge made by the defendant.   The excep-
tion, as presented by the record, is as follows:

   "Mr. Newell:   Eleventh.   The defendant was not an insurer of the safe con-
dition of the walk as against accidents to persons using the same to ride bi-
cycles upon.   The Court:   I will charge in that respect that they were obliged

or bound to furnish a reasonably safe walk for the purposes intended; that is, bicycle riding. Mr. Newell: Give me an exception to your honor's refusal and to your honor's modification."

In Sutphen v. Town of North Hempstead, 80 Hun, 409, 30 N. Y. Supp. 128, it is held:

"A commissioner of highways owes no larger measure of duty to bicycle riders than to persons traveling upon the highways on ordinary vehicles. He is only bound to keep the highways in a condition which is reasonably safe for general and ordinary travel."

In Leslie v. City of Grand Rapids (Mich.) 78 N. W. 885, it is held:

"Where a street is kept in a reasonably safe and fit condition for ordinary vehicles, such as wagons and carriages, the town is not liable for injuries received by one thrown from her bicycle by reason of its defective condition."

In Wheeler v. City of Boone (Iowa) 78 N. W. 909, 44 L. R. A.. 821, it is held:

"One injured while riding a tricycle on the sidewalk can recover only if the city was negligent in failing to keep the walk in suitable condition for people to walk over, and he, while riding the tricycle, exercising due care, was injured because of such negligence."

In the opinion the court says:

"The court instructed that, while the city was required to keep its walks in reasonably safe condition for pedestrians exercising reasonable care, it is not required to keep them in safe condition for people riding thereon in tricycles, and, as the accident in this case occurred while plaintiff was on a tricycle, the liability of the city must be tested by the same rule that would obtain had the plaintiff been walking, and then been injured; that is, if the city was negligent in failing to keep the walk in suitable condition for people to walk over, and plaintiff, while riding on the tricycle, in the exercise of due care, was injured because of such neglect, he could recover. We think the rule a correct one. It differs from the oft-expressed rule only in this: That persons who have a right to ride on the sidewalks in such vehicles may rely, the same as footmen may, on the walks being in a suitable condition for people to walk over, and have the same rights in case of injuries resulting from neglect. Such a rule places no additional burden on the public, and seems to be just to the individual."

The permission given to the plaintiff to use the walk with her wheel was given upon the payment of a nominal fee paid, under the wording of the ordinance, "for recording.". The general use of the bicycle is of such recent date that few of the sidewalks of a city have been built with reference thereto. If a municipality were required to furnish a sidewalk reasonably safe for bicycle riders, the whole system must be changed. This plaintiff already had the legal right to the use of this sidewalk as a pedestrian. As such the municipality was bound by law to use reasonable diligence to provide for her a walk reasonably safe. With the added permission to ride a bicycle thereupon, it could not have been intended by the municipal authorities to assume towards her any further or different obligation than already existed. Any stricter rule of responsibility would result in much litigation, and a largely increased liability, and would make it impossible for municipalities to grant such permissions. This objection is answered by the plaintiff's counsel by reference to a charge afterwards made by the trial judge to the effect that the municipality did not owe to the plaintiff the exercise of the same degree of

care and caution as to the condition of the walk in question that it did to a pedestrian walking upon the same. The jury might well have inferred, however, from this charge, that the municipality, not owing the same duty, owed to the plaintiff a greater duty than it owed to a pedestrian. But, even if the inference were legitimate that the municipality owed to the plaintiff a lesser duty, in the way in which the charge was made in answer to the request, we are satisfied that the jury were' not made clearly to understand that the municipality owed any less duty to the plaintiff than the duty to keep the walk in a reasonably safe condition for bicycle riding. The jury had been instructed that that was the measure of the defendant's duty. This was error. To repair the mischief in such error, it should have been so clearly corrected as to satisfy the court that the jury have not been thereby misled. Of this we are not satisfied in the case at bar, and for this error we think the defendant is entitled to another trial. It thus becomes unnecessary to examine the other objections to the judgment raised by the defendant.

Judgment and order reversed, and new trial granted, with costs to the appellant to abide the event. All concur.