## MORRISON v. CITY OF SYRACUSE.

(Supreme Court, Appellate Division, Fourth Department. July 24, 1900.)

CITIES—DEFECTIVE SIDEWALKS—DUTY TO BICYCLISTS—PERSONAL INJURIES—ACTION—TRIAL—EVIDENCE—SUFFICIENCY.

Plaintiff, while riding a bicycle under a license from defendant, was injured by reason of a defective sidewalk. The evidence showed that the sidewalk on D. street, at its intersection with M. street, had dropped about six to eight inches at the inner edge, by reason of a washout. Plaintiff was riding up M. street, and, in attempting to avoid persons on the walk, turned the corner in such a way as to strike this depression, which at this point did not exceed four inches, and was thrown from her bicycle and injured. Several witnesses testified that they had walked over the sidewalk without experiencing any difficulty. Held not sufficient to show negligence on the part of defendant.

Appeal from trial term, Onondaga county.

Action by Minnie Morrison against the city of Syracuse for injuries sustained by her by reason of a defective sidewalk. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed.

The plaintiff, while riding a bicycle upon the sidewalk at the intersection of Manlius street and Durston avenue, in the city of Syracuse, was thrown from her wheel, in consequence of which she sustained a fracture of her right arm; and it is to recover damages for such injury that this action is brought. This accident occurred at about 4 o'clock in the afternoon of September 12, 1897, and this case has been twice tried. Upon the first trial the plaintiff recovered a verdict of $300, which was subsequently set aside and a new trial granted by this court. 45 App. Div. 421, 61 N. Y. Supp. 313. Upon the second trial the plaintiff obtained a verdict for $500, and from the judgment entered thereon, as well as from an order denying the defendant's motion for a new trial on the minutes, this appeal is brought.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

James S. Thorn, for appellant.
Frederick A. Kuntzsch, for respondent.

ADAMS, P. J.   Upon the first trial, as well as upon the last, it was made to appear that the defendant had adopted an ordinance which permitted any person, upon the payment of a small registration fee, to ride a bicycle upon the sidewalks of certain streets of the city, and that the plaintiff at the time of the accident was riding upon the walk in question, in pursuance of a license thus obtained. Upon this state of facts, we held that the measure of the defendant's duty to persons who availed themselves of the privilege granted by the ordinance in question was precisely the same as it was to pedestrians; in other words, that, while required to keep its sidewalks in such a condition as to make them reasonably safe for pedestrians, it was under no obligation to go further than that, and make them reasonably safe for bicyclists, whose right to their use is, to say the least, somewhat questionable, and one which should certainly be subordinated to that of people on foot, for whom they were primarily designed. Guided by the rule thus enunciated, the learned trial court upon the last trial permitted the jury to say, under proper instructions, whether the walk in question was in a reasonably safe condition for the use of pedestrians, and expressly charged them that, if they found that it was, the plaintiff could not recover. Upon the direction thus given, the jury found in favor of the plaintiff; and consequently it now becomes the duty of this court to do what perhaps it would have been fairer towards the trial court to have done upon the former appeal, and that is to determine whether the evidence furnished by the plaintiff will warrant the conclusion reached by the jury. In furtherance, then, of the object which we now have in view, it becomes necessary to advert very briefly to some of the facts of the case, which, for the purposes of this review, may be regarded as established: Manlius street runs east and west. Durston avenue runs north and south, and intersects, but does not cross, Manlius street. The sidewalk upon each street was constructed of planks, and at the time of the accident a section of the Durston avenue walk, consisting of the four planks next south of the Manlius street walk, had, by the washing away of the earth upon which it rested, fallen away from the Manlius street walk in such a manner as to cause a drop of from six to eight inches at the inner edge. This depression decreased gradually as it extended towards

the outer edge of the walk, at which point it was substantially upon a level with the Manlius street walk. Upon the day in question the plaintiff was riding her wheel upon Manlius street in company with her sister and a gentleman whom she subsequently married. As the party approached Durston avenue, the plaintiff discovered a lady and child ahead of her upon the walk, and in attempting to avoid them she turned the corner at such an angle as to strike this depression at about the center of the walk; and, as her forward wheel went into the depression, she was thrown to the ground, and received the injury of which she complains. The walk on Durston avenue was four feet in width, and the depression in the center thereof must consequently have been not to exceed four inches, but that this was sufficient to and did produce the result which ensued is not and cannot be seriously questioned. This much being admitted, however, it by no means follows that the defendant's negligence is established; for, as has already been stated, the defendant owed the plaintiff no greater or other duty in respect to the condition of its walks than it owed to pedestrians; and the plaintiff has failed, we think, to furnish anything more satisfactory than a mere conjecture that, if she had been on foot, she might possibly have found this defect in the walk as serious and dangerous an obstruction as it proved to be to a person upon a bicycle. The real question, therefore, with which we have to deal, is, does such a conjecture furnish the proper basis for the verdict rendered in this case? That the walk was in a defective condition cannot, of course, be denied, but that it had been in such condition for several months prior to the plaintiff's accident is virtually conceded; and it must also be admitted that the defect was of such a character that a person unfamiliar with it would quite probably have met with an accident while attempting to walk over the depression on a dark night. But it is hardly conceivable that a traveler on foot, who was at all mindful of his surroundings, would have found any difficulty in turning this corner with entire safety in broad daylight. It was not made to appear that an accident of any kind had ever before happened at this place. On the contrary, several of the plaintiff's witnesses testified that they had walked over the depression frequently without experiencing any difficulty whatever. And, while we do not wish to be understood as intimating that under no conceivable circumstances would the defendant be liable for injuries caused by this obstruction to a person riding upon a bicycle, we are firmly of the opinion that the plaintiff, in the circumstances of her case, would have escaped injury had she been on foot, and that consequently, within the rule laid down by this court upon the former appeal, it cannot with any justice be said that her injuries are chargeable to the negligence of the defendant. It follows that the judgment and order should be reversed, and a new trial ordered.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.