## Swartzlander *v.* Borough of Kittanning, Appellant.

*Negligence—Municipalities—Contributory negligence—Case for jury.*

In an action by a woman against a municipality to recover damages for personal injuries resulting from stumbling over a gas or water box on the outside of a dirt walk, the case is for the jury, and a verdict and judgment for the plaintiff will be sustained, where the evidence tends to show that at the place of the accident the box projected four or five inches above the surface of the walk, that the borough authorities knew of and approved its location and construction, and that the plaintiff was unfamiliar with the sidewalk and that she stumbled and fell over the box and sustained the injuries complained of.

Argued April 18, 1919. Appeal, No. 74, April T., 1919, by defendant, from judgment of C. P. Armstrong County, March T., 1916, No. 188, on verdict for plaintiff in case of Mary E. Swartzlander v. Borough of Kittanning. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KING, P. J.

At the trial it appeared that on the evening of October 28, 1914, plaintiff stumbled over a projecting gas box, located in the dirt sidewalk of the Borough of Kittanning, and was injured.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* was in overruling defendant's motion for judgment n. o. v.

*H. A. Heilman,* and with him *C. E. Harrington,* for appellant, cited: Martin v. Williamsport, 208 Pa. 590; McIntyre v. City of Pittsburgh, 238 Pa. 524; Horner v. City of Philadelphia, 194 Pa. 542; King v. Thompson, 87 Pa. 365; Robb v. Connellsville Boro., 137 Pa. 42; Lynch v. Erie City, 151 Pa. 380; Martin v. Boro. of Williamsport, 208 Pa. 593; Canavan v. Oil City, 183 Pa. 611.

*W. A. McAdoo,* for appellee, cited: Wertz v. Williamsport, 67 Pa. Superior Ct. 156, 159; Gillard v. City of Chester, 212 Pa. 338; March v. Phœnixville Boro., 221 Pa. 64, 66; McHugh v. Kerr, 208 Pa. 225; Collins v. Philadelphia, 227 Pa. 121; City of Scranton v. Catterson, 94 Pa. 202; McHale v. Throop Borough, 13 Pa. Superior Ct. 394; Walton v. Colwyn Borough, 19 Pa. Superior Ct. 172.

OPINION BY ORLADY, P. J., July 17, 1919:

The plaintiff, while walking on a sidewalk in the defendant borough, tripped on an obstruction within the line of the footwalk and received injuries for which a jury allowed her $500. The obstruction consisted of what are popularly known as gas and water boxes, located in the sidewalks and projected four or five inches above the surface of the walk. Their location and character of construction were authorized by the municipal authorities and they are admittedly a

part of a general system that is maintained throughout the borough. The pavement at that time was what was called a dirt walk, and it was intended on the completion of the pavement surface to have the top of these boxes flush with or slightly above the perfected pavement. While primarily intended to enable the property owners to cut off water and gas service through these openings, they must still be recognized as constituting a part of the pavement, over which the municipal authorities had the right to exercise their control. Assuming that these gas and water boxes were properly located and approved by the municipal authorities, the fact remains that at the time this plaintiff received her injuries they were a source of danger to persons legitimately using the sidewalk. The dirt pavement might not be surfaced with a final covering such as slate, brick or concrete for many years, and in the meantime dangerous obstructions to the safe use of the pavement by pedestrians could not be justified. The plaintiff did not have actual knowledge of their presence, and she was using the sidewalk in the ordinary manner. The measure of duty of the borough is to keep its sidewalks reasonably safe for ordinary use: Collins v. Philadelphia, 227 Pa. 121. While the evidence does not disclose who placed the gas and water plugs within the pavement line, it is conceded that the municipal authorities knew of and approved their location and construction. The action is against the borough alone, and whether the plaintiff was guilty of contributory negligence under all the testimony was clearly a question for the jury; this was fairly submitted in a charge that is not challenged by the defendant, the only assignment of error being the refusal of its point that under the pleadings and evidence the verdict should be for the defendant. The disputed facts were fairly submitted, and the evidence clearly warranted the verdict as returned. The motion for judgment non obstante veredicto was properly denied.

The judgment is affirmed.