THOMAS FRANCIS HALPIN, an Infant, by THOMAS M. HALPIN, His Guardian ad Litem, and THOMAS M. HALPIN, Respondents, *v.* NEW YORK RAILWAYS CORPORATION, Appellant.

First Department, April 16, 1937.

*Henry J. Smith* of counsel [*Jerome Mayer* with him on the brief; *Henry J. Smith*, attorney], for the appellant.

*Sidney J. Feltenstein* of counsel [*Feltenstein & Rosenstein*, attorneys], for the respondents.

O'MALLEY, J. The infant plaintiff seeks damages for injuries sustained by reason of the alleged negligence of the defendant; the plaintiff father, for loss of services.

Their evidence warranted a finding that the infant plaintiff, ten years of age at the time of the accident, was on roller skates proceeding easterly on the south side of West One Hundred and Sixteenth street between Manhattan and Eighth avenues in the city and county of New York. He had left the southerly sidewalk, finding its surface too rough. He first proceeded along the pave-

ment near the southerly curb, but in passing a parked truck, was obliged to go around it to the left and further out into the street. One of the defendant's cars was proceeding in the same direction on its southerly or east-bound track and was approaching the infant plaintiff from the rear. The infant's skates became clogged in a layer of sand and gravel that had become scattered or spread from a pile placed by the defendant on the southerly side of the street between the car tracks and the curb in connection with repair or construction work. The plaintiffs' evidence tended to show that the sand or gravel was spread as though by a shovel or as if it had been shaken from a salt cellar and looked like dust. As a result the infant fell and as the street car came alongside of him, he was precipitated under the middle of the car. Its rear wheels passed over his left leg, severing it from the body.

Defendant's evidence tended to show that the infant plaintiff had hitched onto the car by seizing hold of the molding on its right side, and fell about the middle of the block; that there was neither a pile of sand, nor any sand, spread over the surface of the street at the point in question; that there was no truck parked at the point of the accident; that the defendant was not engaged in any repair or construction work on the south side of the street, but only on the north side at a point about half a block to the west; and that it had secured a permit from the city to do work on the pavement and to incumber it.

Negligence on the part of the defendant's motorman is not charged. It appears he did not learn of the accident until after it had happened. Defendant's liability is predicated wholly upon its alleged negligence in permitting the sand to spread upon the pavement, thus causing a condition of danger to one using the pavement for roller skating, as the infant plaintiff was doing at the time.

The accident happened in broad daylight. The infant plaintiff did not come in contact with the pile of sand itself but only with its scattered portion, spread out from the pile for several feet on all sides. Plaintiffs claimed that the pile of sand had been shoveled off from one of the defendant's sand cars about two hours before the accident. Some of their witnesses, however, testified that it thereafter became spread by automobiles passing over it.

The learned trial justice charged that the plaintiffs did not claim the placing of the pile of sand in the street itself was negligence, but that defendant was negligent in its failure to properly care for the sand after it had been so placed; " that the sand was allowed to become dissipated, to become shifted over a wide area of the street, and that that is the negligence."

No exception to this charge was taken by the plaintiffs, and it must be assumed to represent their theory of the happening of the accident and the law of the case. (*Saulsbury* v. *Braun,* 223 App. Div. 555; affd., 249 N. Y. 618.)

Viewing their evidence in the most favorable light, we are of the opinion that the plaintiffs failed to show any actionable negligence. It does not appear that the sand and gravel, as thus spread on the surface of the street, were dangerous to any vehicle or pedestrian traffic. The defendant, in the exercise of reasonable care, was not bound to apprehend or foresee that either danger or injury would result to the infant plaintiff from the condition of the surface of the street as described. It was bound only to keep the street in a reasonably safe condition for its ordinary use. (*Collins* v. *Philadelphia,* 227 Penn. St. 121; 75 A. 1028; *Morrison* v. *City of Syracuse,* 45 App. Div. 421; *Wheeler* v. *City of Boone,* 108 Iowa, 235; 78 N. W. 909.)

In *Collins* v. *Philadelphia* (*supra*) it was said: " In determining the liability of the city it should be conceded that the measure of its duty was to keep its sidewalk safe for the ordinary requirements only, and that it was under no obligation to provide pavements safe for roller skating. If a wheel of the plaintiff's skate had caught in the narrow opening between paving stones or between bricks or between the parallel bars of an iron grate over an opening to a basement, there would be no liability on the part of the city, because there is no duty on it to guard against such dangers but only against those reasonably to be apprehended in the ordinary use of the sidewalk. * * * The test is whether the sidewalk was reasonably safe for ordinary use."

It follows, therefore, that the judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.