LeMAY, by Guardian *ad litem,* Respondent, vs. CITY OF OCONTO, Appellant.

*September 14—October 11, 1938.*

The cause was submitted for the appellant on the brief of *Harold W. Krueger,* city attorney, and for the respondent on that of *O'Kelliher & Martineau* and *James A. Martineau,* all of Oconto, and *Adolph P. Lehner* of Oconto Falls.

MARTIN, J.    The respondent was an infant of the age of three and one-half years at the time this action was begun, and resided with his parents at 422 Chicago street in the city of Oconto.    His mother is the duly appointed guardian *ad litem* and authorized to bring this action.    Chicago street is a public street in the city of Oconto with a sidewalk on either side maintained by the city.    At about 3 o'clock in the afternoon of July 28, 1937, plaintiff was riding on his tricycle along the sidewalk on the south side of said Chicago street, in the immediate neighborhood of his parent's home and on his way toward home.    It is alleged that at a point on the sidewalk described as opposite 432 Chicago street, one entire block of cement had settled its entire length and width, a depth of approximately four inches.    It is further alleged that because of this defect in the sidewalk, plaintiff was thrown from his tricycle to the sidewalk, resulting in serious injuries.

This action is brought under sec. 81.15, Stats. 1937, which section, so far as here material, provides:

"81.15 *Damages caused by defects; liability of town and county.*    If any damage shall happen to any person, his team, carriage or other property by reason of the insufficiency or want of repairs of any bridge, sluiceway or road in any town, city or village, the person sustaining such damage

shall have a right to sue for and recover the same against any such town, city or village. . . ."

While this statute does not specifically mention sidewalks, it has been held to apply to actions for injury and damage caused by defects or want of repair of sidewalks as well as roads and streets ever since its original enactment in 1849. (Ch. 16, sec. 103, Stats. 1849.)

The appellant contends that under sec. 62.17, Stats. 1937, the city is only required to construct, maintain, and keep sidewalks in sufficient repair for safe travel of persons traveling on foot. This section, so far as here material, provides:

"62.17 *Sidewalks.* (1) *Part of street; obstructions.* The streets shall be divided into a carriageway and a sidewalk on each side thereof; the sidewalk shall be for the use of persons on foot, and no person shall be allowed to incumber the same with boxes or other material; but such sidewalk shall be kept clear for the uses specified herein."

This statute has been in force in identical language since 1889. (Sec. 925t, sub. 174, Stats. 1889.) The plaintiff's right to maintain this action under sec. 81.15, Stats., is in no way affected by the provisions of sec. 62.17, Stats. The latter section makes it the duty of municipalities to divide their streets into a carriageway and a sidewalk on each side, and prohibits all persons from incumbering the sidewalk with boxes or other material, and further provides that "the sidewalk shall be for the use of persons on foot." It does not prohibit anything except incumbering the sidewalk "with boxes or other material."

In *Reed v. Madison,* 83 Wis. 171, 178, 53 N. W. 547, the court said:

"It would seem to be reasonable that if the person injured, whether an infant or an adult, was, in a proper sense, traveling on the sidewalk, it should not be an objection to his recovery that at the same time he was indulging in play or

pastime not inconsistent with his being a traveler also. A person passing from place to place on a sidewalk is a traveler thereon. He is going somewhere. It makes no difference whether it is for business, or for pleasure, or merely to gratify an idle curiosity. *Chicago v. Keefe,* 114 Ill. 222. It is not unlawful, wrong, or negligent for children to play on the sidewalk. . . . It is natural for a child to play, early and late, at home and abroad, going and coming, and everywhere. Because it plays on its travels on the sidewalk it should not be declared an outlaw, or excluded from the usual remedies of the law."

The plaintiff was a traveler on the sidewalk in question when injured. He had the same rights as an adult traveler. *Reed v. Madison, supra.* Of course, in the instant case, the plaintiff is conclusively presumed to be incapable of contributory negligence. *Ruka v. Zierer,* 195 Wis. 285, 218 N. W. 358.

In *McCormick v. Racine,* 227 Wis. 33, 34, 277 N. W. 646, the court said:

"In relation to claims under sec. 81.15, Stats., this court has held that 'a city is not bound to keep its streets or sidewalks at all times in a condition of absolute safety, but only reasonably safe;' that, 'walks and crosswalks are not required to be perfect. It suffices if they are reasonably safe. There may be inequalities, projections, and depressions so slight that municipal authorities may assume that they will not cause injury to persons using ordinary care;' that, 'generally speaking, insufficiency or want of repair in a highway is a question of fact for the jury, under instruction from the court as to what is meant by these terms in the statute. . . .' "

In 7 McQuillin, Mun. Corp. (2d ed.) p. 115, § 2948, the author says:

"The rules applying to bicycles and tricycles ridden on a street or sidewalk is that the rider cannot recover for injuries resulting from defects in the street or sidewalk *if it was in proper condition for pedestrians* (in case of a sidewalk)

or ordinary vehicles (in case of the driveway). On the other hand, one rightfully riding a bicycle on a sidewalk is entitled to recover *if the walk was not in proper condition even for pedestrians."*

To the same effect see *Wheeler v. Boone,* 108 Iowa, 235, 78 N. W. 909, 44 L. R. A. 821 (tricycle case); *Collins v. Philadelphia,* 227 Pa. 121, 75 Atl. 1028, 27 L. R. A. (N. S.) 909 (roller-skating case); *Lee v. City of Port Huron,* 128 Mich. 533, 87 N. W. 637, 55 L. R. A. 308 (bicycle case); *Morrison v. City of Syracuse,* 45 App. Div. 421, 61 N. Y. Supp. 313 (bicycle case).

In *McCormick v. Racine, supra,* the alleged defect in the sidewalk was a difference of two and three-eighths inches between the adjacent cement squares, because of which the plaintiff, a pedestrian, stumbled, fell, and sustained injuries. After a careful review of many former cases, the court held that in the absence of other conditions or surrounding circumstances, a mere difference of two and three-eighths inches in the level of the walk did not constitute an actionable insufficiency or want of repair within the meaning of sec. 81.15, Stats., as a matter of law. The order of the circuit court overruling the demurrer was reversed with directions to enter an order sustaining the demurrer to the complaint.

In the instant case, the difference in the sidewalk level is alleged to be four inches. We cannot say as a matter of law that this difference does not constitute an actionable insufficiency or want of repair within the meaning of sec. 81.15, Stats. We think it clearly presents a question of fact for the jury. We hold that the complaint states a cause of action and that the order overruling the demurrer must be affirmed.

*By the Court.*—Order affirmed.