JOEL ERRANTE, an Infant by His Mother and Natural Guardian, SUSAN ERRANTE, et al., Respondents, v CITY OF NEW YORK, Appellant.

First Department, April 17, 1980

## APPEARANCES OF COUNSEL

*Thomas J. Agnello, Jr.,* of counsel *(Allen G. Schwartz, Corporation Counsel* by *Simpson Thacher & Bartlett,* attorneys), for appellant.

*Joseph P. Napoli* of counsel *(Sebastian Randazzo,* attorney), for respondents.

**OPINION OF THE COURT**

FEIN, J.

The infant plaintiff was injured while roller skating on East 10th Street in Manhattan, on April 11, 1972, when he allegedly fell because of a defect in the sidewalk. Defendant city moved for summary judgment on the ground that it had no obligation to maintain the sidewalk in "a condition reasonably safe for roller skaters", an "uncustomary, out of the ordinary and unusual use".

The moving affidavit by defendant's attorney alleges that plaintiff was "injured when his skate fell into a hole in the sidewalk causing him to fall." The opposing affirmation by plaintiff's attorney alleges plaintiff's injuries were sustained "when his skate caught in the broken sidewalk hole causing him to be precipitated to the ground". There is no affidavit by any of the parties or by anyone else with personal knowledge of the facts. Plainly, there is not one shred of evidence in this bare record as to the nature and extent of the sidewalk "hole".

Trial Term denied summary dismissal, ruling that roller skating is a contemplated use of the sidewalk, "no more unusual use of a sidewalk than an everyday pedestrian," thereby imposing a duty on the municipality to maintain the sidewalk "in a reasonable and safe condition for such use." Upon the ground that such uses are not customary and involve the usage of "inherently dangerous" devices, Trial Term distinguished cases holding there is no municipal duty owed and therefore no liability to bicyclists on the sidewalk (*Olsen v City of New York,* 49 AD2d 884; *Rivera v City of New York,* 39 AD2d 606, affd 32 NY2d 726; *Hart v Town of Brookhaven,* 261 App Div 923), or to those coasting on sleds on the sidewalk (*Levy v City of New York,* 255 App Div 857, affd 280 NY 637), or to those using skateboards upon the sidewalk (*Cygielman v City of New York,* 93 Misc 2d 232; see *Burke v City of New York,* NYLJ, July 6, 1979, p 7, col 4). In *Hart (supra)* involving a bicyclist, and *Levy (supra)* coasting on a sled, plaintiffs were found guilty of contributory negligence as a matter of law for violation of section 1907 of the former Penal Law. We know of no provision of law making it unlawful to roller skate on the sidewalk. We agree that Trial Term properly denied summary judgment to defendant. However, we rest our affirmance on grounds other than those assigned by Trial Term.

There appear to be no reported New York cases involving injuries to roller skaters caused by alleged sidewalk defects. We have concluded that the applicable rule is that the liability of the city is to be tested by the same rule that would obtain had plaintiff been walking and then been injured. If the city was negligent in failing to keep the sidewalk in suitable condition for people to walk upon, and plaintiff, while roller skating, on the sidewalk, was injured because of such neglect, he could recover.

We think the rule as thus stated is supported by authority. In *Halpin v New York Rys. Corp.* (250 App Div 613, affd 276 NY 545) reversing a judgment for the plaintiff and dismissing the complaint of a 10-year-old roller skater who fell under the wheels of a trolley and lost his leg when his skate wheels came in contact with sand and gravel which had become spread in the roadway pavement, it was ruled: "It does not appear that the sand and gravel, as thus spread on the surface of the street, were dangerous to any vehicle or pedestrian traffic. The defendant, in the exercise of reasonable care, was not bound to apprehend or foresee that either danger or injury would result to the infant plaintiff from the condition of the surface of the street as described. It was bound only to keep the street in a reasonably safe condition for its ordinary use. *(Collins v. Philadelphia,* 227 Penn. St. 121; 75A. 1028; *Morrison v. City of Syracuse,* 45 App. Div. 421; *Wheeler v. City of Boone,* 108 Iowa 235; 78 N.W. 909.)"

In *Morrison v City of Syracuse* (45 App Div 421 and 53 App Div 490, affd 175 NY 523) cited in *Halpin (supra)* plaintiff, who had a permit to ride a bicycle on certain city streets, twice had verdicts against the city for injuries sustained when her bicycle, in turning a corner, struck a depression in the plank sidewalk at such an angle as to throw her to the ground. Although the case was ultimately dismissed upon stipulation for judgment absolute, the standard of liability applied was as we have stated it. The " 'liability of the city must be tested by the same rule that would obtain had plaintiff been walking and then been injured: that is, if the city was negligent in failing to keep the walk in suitable condition for people to walk over, and plaintiff, while riding on the tricycle, in the exercise of due care, was injured because of such neglect, he could recover. We think the rule a correct one. It differs from the oft-expressed rule only in this: that persons who have a right to ride on the sidewalks in such

vehicles may rely, the same as footmen may, on the walks being in a suitable condition for people to walk over, and have the same rights in case of injuries resulting from neglect. Such a rule places no additional burden on the public and seems to be just as to the individual.' " (Morrison, 45 App Div, at p 423, quoting Wheeler v City of Boone, supra.)

The Morrison court ruled that the duty of the municipality is "to use reasonable diligence to provide" for persons "a walk reasonably safe" (45 App Div, at p 423). The defendant owes the plaintiff no greater or other duty in respect to the condition of its walks than it owes to pedestrians. This is the rule applied in other jurisdictions. Thus, in Collins v Philadelphia (227 Pa 121), a jury verdict was sustained in favor of a 15-year-old roller skater who skated into a hole 6 inches square and 18 inches deep while returning home at night on the narrow sidewalk of a dimly lighted street. The court noted that roller skating was not an unlawful or forbidden use of the sidewalks and that plaintiff was entitled to recover because the condition was in fact dangerous to all persons passing whether walking or skating. LeMay v City of Oconto (229 Wis 65) (tricycle) and Aguirre v City of Los Angeles (46 Cal 2d 841) (roller skates) are similar. The issue is for the jury as to breach of duty by the municipality by reason of sidewalk defects.

We do not hold that the city has an obligation to keep its sidewalks safe for roller skating, as such, but only to maintain them in a reasonably safe condition for reasonably foreseeable uses. (PJI 2:225). Plaintiff is entitled to recover if the condition is found to have been dangerous to all persons passing, whether walking or skating.

We have concluded that the question of the city's liability to a roller skater is a question of fact to be determined upon the particular facts of each case as governed by the general principle that the city's duty is no higher than its duty to an ordinary pedestrian. As noted, there is as yet, in this case, no evidence as to the nature of the defect in the sidewalk which allegedly caused plaintiff's injuries. Plainly the nature and extent of the defect must be kept in mind in viewing the city's duty and whether it was breached.

In Olsen (49 AD2d 884, supra) and Rivera (39 AD2d 606, affd 32 NY2d 726, supra) where no liability was found, plaintiffs were infant bicyclists; in Burke (NYLJ, July 6, 1979, p 7, col 4, supra) plaintiff was a skateboarder. There is manifestly

a clear factual distinction. As noted, there appears to be no authority to the effect that it is unlawful for an infant to roller skate on the city's sidewalks or that no duty is owed to such roller skater. The defendant would have us rule that, as a matter of law, whatever the nature of the defect, the city owes no duty to the infant roller skater. We decline to do so. To the extent that our courts have passed on the issue, a contrary conclusion is indicated depending upon the nature of the defect. If the defect was of such a nature as to be a danger to pedestrians and is found to have been the proximate cause of the infant roller skater's accident and injuries, the infant is entitled to recover. The issue is for the jury.

The order, Supreme Court, New York County (GROSSMAN, J.), entered March 27, 1979, denying defendant's motion for summary judgment dismissing the complaint should be affirmed, without costs.

MURPHY, P. J., SULLIVAN, ROSS and BLOOM, JJ., concur.

Order, Supreme Court, New York County, entered on March 27, 1979, affirmed, without costs and without disbursements.