OPINION OF THE COURT
John A. Monteleone, J.
In this action for damages based on the alleged negligence of the defendants, City of New York and Harry Franco, said defendants separately move for summary judgment dismissing plaintiff’s complaint for failure to state a cause of action.
On June 11, 1970 Daniel Muallem, then nine years old, was injured while riding a bicycle on the sidewalk in front of premises owned by defendant Franco. The complaint alleges that Daniel fell due to cracks in the sidewalk and was thrown into the garden owned and maintained by Franco.
For purposes of its motion for summary judgment, defendant City of New York concedes the truth of plaintiff’s version of the facts, but nevertheless argues that no cause of action against it arises therefrom. Relying on a series of Appellate Division cases from this department, the city contends that it "owes no duty to maintain its sidewalks and walkways in a condition reasonably safe for infant bicyclists” (Olsen v City of New York, 49 AD2d 884, 885; Rivera v City of New York, 39 AD2d 606, affd 32 NY2d 726; Roberto v City of New York, 35 AD2d 782 [all Second Department cases]).
While the city has accurately reflected the case law on this subject, an analysis by this court of these three decisions as well as that of a prior case in this area — Hart v Town of Brookhaven (261 App Div 923 [2d Dept]) — has cast the continuing viability of the rule enunciated in Olsen (supra) into serious question.
It has long been the law in this State that a city is obligated to keep its sidewalks safe for pedestrians (see, e.g., Loughran v City of New York, 298 NY 320, 322; Lane v Epstein's Edco Process Dry Cleaners Co., 11 NY2d 255, 257-258). This duty, however, has not previously been extended to people riding bicycles on city sidewalks (Hart v Town of Brookhaven, supra; Roberto v City of New York, supra; Rivera v City of New York, supra; Olsen v City of New York, supra, p 885; Errante *209 v City of New York, 74 AD2d 122; but see, contra, Morrison v City of Syracuse, 45 App Div 421, 423 [plaintiff had a license from the municipality to ride a bicycle on its sidewalks]). The reason for this failure to cover bicyclists, as expressed in the earliest cited case of Hart v Town of Brookhaven (supra), was that riding a bicycle on the sidewalk was a violation of section 1907 of the Penal Law, thereby making the rider guilty of contributory negligence as a matter of law.
The subsequently cited Roberto and Rivera cases (supra) both involved accidents to infants which occurred while section 1907 of the Penal Law was still in effect. The trial court in Roberto, in reliance on the Hart decision, held that plaintiff was contributorily negligent as a matter of law for violating section 1907 of the Penal Law, and dismissed the complaint at the end of plaintiff’s case. The Appellate Division affirmed the dismissal but without opinion (Roberto v City of New York, 35 AD2d 782, supra).
In Rivera v City of New York (supra), the trial in the Supreme Court ended with a deadlocked jury. The parties then submitted the case to another Justice for a decision based on the facts elicited at the trial. However, this Judge delayed making a determination pending the outcome of the appeal of the trial court’s dismissal in Roberto v City of New York (supra). Upon the Appellate Division’s affirmance in Roberto of said dismissal (supra), the Judge, in reliance thereon as well as on the Hart case (supra), dismissed the complaint. The Appellate Division then affirmed this dismissal with no opinion but citing Roberto v City of New York (supra) as authority for the affirmance (Rivera v City of New York, 39 AD2d 606, 607, supra). The Court of Appeals affirmed Rivera, also with no opinion (32 NY2d 726, 727, supra).
Section 1907 of the Penal Law was repealed in 1967 and not replaced in either the current Penal Law or by any other statute (see McKinney’s Cons Laws of NY, Book 39, Penal Law, Table 2, Distribution, 1909 Penal Law, § 1907, p LXXI). The bicycle accident in the last cited case of Olsen v City of New York (49 AD2d 884, supra) occurred after said repeal. However, neither the short opinion accompanying the Appellate Division’s decision therein nor the record on appeal to that case indicates whether the court considered the repeal of that statute in reaching its decision. Nevertheless, in stating its opinion that the city "owes no duty to maintain its sidewalks * * * in a condition reasonably safe for infant bicy *210 clists” (Olsen v City of New York, 49 AD2d 884, 885, supra), the court cites as authority the earlier case of Rivera v City of New York (39 AD2d 606, affd 32 NY2d 726, supra) which in turn has for its authority the case of Roberto v City of New York (35 AD2d 782, supra), both of which are premised on the Penal Law violation — contributory negligence principle espoused in Hart v Town of Brookhaven (261 App Div 923, supra; see, also, Errante v City of New York, 74 AD2d 122, supra).
The conclusion is inescapable, therefore, that the repeal of section 1907 of the Penal Law effectively removed part of the legal underpinnings from the Hart, Roberto and Rivera decisions and leaves Olsen, insofar as it is an apparent reiteration of past law on the subject, without any authority to support it. Although it is now not unlawful for a person to ride a bicycle on the sidewalk, the question still remains as to whether the city, as owner of the public sidewalks, otherwise owes a duty of care to maintain them in a condition reasonably safe for infant bicyclists.
The duty of care owed by a landowner to one injured upon his property has recently undergone significant change in the landmark case of Basso v Miller (40 NY2d 233). The Court of Appeals in Basso cast aside the long-standing distinctions between an injured trespasser, licensee and invitee in favor of a single duty of care owed to all (see, also, Scurti v City of New York, 40 NY2d 433, 437 [decided the same day as Basso]). Under this new standard " 'A landowner must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injuries to others, the seriousness of the injury, and the burden of avoiding the risk’ ”. (Basso v Miller, supra, at p 241.) The duty of the landowner "should not vary with the status of the person who uses [it] but, rather, with the foreseeability of [its] use and the possibility of injury resulting therefrom” (Basso v Miller, supra, at p 241). In other words, the duty of care owed by a landowner to an injured person is now measured by a "single standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability.” (Basso v Miller, supra, at p 241; Scurti v City of New York, supra, at p 437.)
This controlling standard of care was recently used by the Appellate Division, First Department, albeit without citing Basso, in an analogous sidewalk injury case. Errante v City of *211 New York (74 AD2d 122, supra) involved an infant plaintiff injured while roller skating because of an alleged defect in the sidewalk. The court concluded therein (p 125): "We do not hold that the city has an obligation to keep its sidewalks safe for roller skating, as such, but only to maintain them in a reasonably safe condition for reasonably foreseeable uses (PJI 2:225). Plaintiff is entitled to recover if the condition was found to be dangerous to all persons passing, whether walking or skating.”
It could perhaps be argued that bicycle riding by a nine-year-old child on a city sidewalk is as equally forseeable and contemplated as is the use of the sidewalk for roller skating. Because of the obvious danger of riding bicycles in the street in competition with parked and double-parked cars and the heavy continuous traffic in much of the city, it may reasonably be expected that children of such young age, at the insistence of their parents, will ride on the sidewalk. On the other hand, it is also equally obvious that bicycle riding is inherently more dangerous to pedestrians competing for the same sidewalk space than is roller skating.
In view of these competing considerations, the issue remains one of public policy with respect to the city’s duty to maintain its sidewalks vis-a-vis infant bicyclists. Since this policy under the last pronouncement from the appellate courts on the subject (Olsen v City of New York, 49 AD2d 884, 885, supra) continues to be that the city has no such duty, this court is bound under the doctrine of stare decisis to adhere to it. While precedent should not necessarily always be regarded as unyielding (see People v Hobson, 39 NY2d 479, 487-491), it would be inappropriate for a court sitting in Special Term to change the public policy of this State with respect to said duty. Any re-examination of this policy should emanate from the appellate courts.
Consequently, under the constraints of Hart, Roberto, Rivera and Olsen, the plaintiff herein does not have a cause of action against defendant, City of New York. Accordingly, the city’s motion for summary judgment is granted, and the complaint is dismissed as against this defendant.
With respect to defendant Franco’s motion for summary judgment, the court finds that there exists an issue of fact concerning the allegedly negligent maintenance of Franco’s garden and the role that condition may have played in aggra *212 voting plaintiffs injuries. Consequently, defendant Franco’ motion for summary judgment is denied.
Settle order.