760 P.2d 566

**Nancy K. BARNES, as lawful custodian, guardian and conservator of Marc R. Barnes, a minor, Plaintiff/Appellant,**

**v.**

**CITY OF TUCSON, Defendant/Appellee.**

No. 2 CA–CV 87–0297.

Court of Appeals of Arizona, Division 2, Department B.

Feb. 29, 1988.

Reconsideration Denied March 29, 1988.

Review Denied Sept. 14, 1988.

Zlaket & Zlaket, P.C. by Eugene Zlaket, Tucson, for plaintiff/appellant.

Hazlett & Wilkes by Carl E. Hazlett and Jay Felix, Tucson, for defendant/appellee.

OPINION

FERNANDEZ, Judge.

This appeal is taken from a judgment obtained by appellant, the mother of a juvenile bicyclist who was injured when he collided with a post erected by the City of Tucson on the edge of a city sidewalk.

On September 28, 1985, Marc Barnes, age 15, was riding his ten-speed heavy-duty "mountain bike" near the northwest corner of Golf Links Road and Rook Avenue in Tucson. On June 17, 1983, city employees had installed two posts adjacent to the sidewalk on that corner for the purpose of preventing cars from driving on the sidewalk from an apartment complex west of the corner to a Circle K store east of the corner. Marc, an experienced bicyclist who had been riding since he was three years old, was following a friend who was also riding a bike. The friend passed through the posts without hitting them. However, Marc, who did not see the posts, struck the left one with the front wheel of his bike which caused him to flip over the handle bars. He struck his left knee on the post as he fell and suffered permanent injuries to his knee.

Suit was filed by Marc's mother against the appellee City of Tucson for negligence in maintaining a hazardous condition, i.e., the two post barricades. The case was tried under our comparative negligence law. A.R.S. § 12–2505. The court gave the following jury instruction, based on City of Tucson Code § 5–2:

> Violation of the following law is negligence. You should determine whether that negligence was a cause of the plaintiff's injury.

Section 5–2 of the city code of Tucson is entitled Operating on sidewalks, pedestrian paths, through underpasses.

No bicycle shall be operated upon any public sidewalk or upon any pedestrian paths in the public parks of the city. It shall also be unlawful to ride any bicycle through any underpass.

The court also instructed the jury that "[t]he duty owed by the city to members of the public is to keep its streets and sidewalks reasonably safe for travel by the public." The jury returned a verdict in favor of appellant in the amount of $3,000, which was reduced by 85% because of the jury's determination as to the degree of Marc's contributory negligence.

Appellant's first three contentions on appeal all deal with Tucson Code § 5–2. She also contends that the damage award was not consistent with the evidence. We affirm on the first three contentions and remand on the damage issue.

## DUTY TO BICYCLISTS ON CITY SIDEWALKS

■ Appellant urges us to hold that a municipality's duty to maintain its sidewalks extends to bicyclists so as to permit recovery when a defect causes injury even though bicycle riding is prohibited on sidewalks. There is no Arizona case on point. In support of her contention, appellant cites a number of cases, many of which we find do not actually support her theory. *Acosta v. County of Los Angeles*, 56 Cal. 2d 208, 363 P.2d 473, 14 Cal.Rptr. 433 (1961) (bicyclist permitted to seek recovery for defect in sidewalk even though bicycle riding prohibited); *Wheeler v. City of Boone*, 108 Iowa 235, 78 N.W. 909 (1899) (handicapped teenager being pushed in tricycle can recover for injury from loose sidewalk board); *Errante v. City of New York*, 74 App.Div.2d 122, 427 N.Y.S.2d 18 (1980) (city owes duty to keep sidewalks reasonably safe for pedestrians; fact question exists on nature of defect by which roller skater was injured); *Gagnier v. City of Fargo*, 11 N.D. 73, 88 N.W. 1030 (1902) (riding bicycle on sidewalk where accident occurred not prohibited; city has duty to

keep sidewalks reasonably safe for pedestrian use); *Collins v. City of Philadelphia*, 227 Pa. 121, 75 A. 1028 (1910) (roller skater can recover for injuries resulting from fall in hole in sidewalk); *City of Winchester v. Finchum*, 201 Tenn. 604, 301 S.W.2d 341 (1957) (jury question presented on defect in sidewalk and bicyclist's contributory negligence in riding on sidewalk contrary to ordinance); *Le May v. City of Oconto*, 229 Wis. 65, 281 N.W. 688 (1938) (demurrer overruled in suit by three-year-old tricycle rider).

Appellant argues that the following conditions and circumstances support her position: 1) Golf Links Road is a well-traveled multiple lane highway; 2) the city has failed to provide any bicycle paths in the vicinity of the accident, and 3) the city has constructed wheelchair ramps to the sidewalk on the corner in question. Appellant contends that these circumstances invite bicycle traffic on the sidewalk.

The city argues that this case should be governed by the rules pertaining to negligence actions against possessors of land. We reject that argument. The supreme court in *Beach v. City of Phoenix*, 136 Ariz. 601, 667 P.2d 1316 (1983), made it clear that Arizona does not apply those rules to municipalities in cases involving the public's use of public streets and sidewalks.

In many of the cases cited by appellant, the courts held that the municipality owed a duty to maintain its sidewalks in a reasonably safe manner for pedestrian use and that bicyclists (or persons moving by means other than walking) could recover for injuries received from defects which would also have been harmful to pedestrians. See, e.g., *Wheeler v. City of Boone*, supra; *Errante v. City of New York*, supra; *Gagnier v. City of Fargo*, supra; *Collins v. City of Philadelphia*, supra; *Le May v. City of Oconto*, supra. We find that to be the better view and hold that the court correctly instructed the jury that the duty owed by the city to the public is to keep its streets and sidewalks reasonably safe.

## NEGLIGENCE PER SE

Appellant next contends that the court erred in instructing the jury that violation of Tucson Code § 5–2 was negligence per se, arguing that the ordinance was enacted to protect pedestrians and that the city is not within the class of persons designed to be protected by it. That argument is based on *Hidalgo v. Cochise County*, 13 Ariz.App. 27, 474 P.2d 34 (1970), in which this court ruled that a statute making it a misdemeanor for persons possessing, leasing, controlling or operating irrigation canals, ditches, laterals, or aqueducts to permit weeds to grow or mature their seed in or along such places was enacted to protect farming and ranching areas from infestation of noxious weeds, not to protect travelers on highways. Since the motorists there were not within the class of persons whom the statute was designed to protect, the statutory violation was held not to be negligence as to plaintiffs since the violation did not invade their interests.

We find, as did the trial court, that *Hidalgo v. Cochise County* is not applicable to this case. The ordinance in question here is intended not only to protect pedestrians from bicycle riders but also to protect bicycle riders from the hazards of riding on narrow sidewalks. We find that the city's prohibition against bicycle riding on sidewalks is a reasonable attempt to promote the public safety by preventing simultaneous use of sidewalks by pedestrians and bicyclists. Therefore, we find that the court was correct in giving the instruction.

Appellant also argues that a minor who is not engaged in adult activity cannot be guilty of negligence per se. She contends that, since riding a bicycle is not a typical adult activity, it was error to instruct on negligence per se. We disagree. It is clear that the state traffic laws on the riding of bicycles apply to all persons, regardless of age. A.R.S. § 28–812. We find that the ordinance in question here applies to all persons riding bicycles, including minors.

We note that, in addition to the negligence per se instruction, the court also gave R.A.J.I. negligence instruction 15 on the standard of care applicable to a child as well as an instruction on the city's duty to anticipate the behavior of children. We find that the court properly took into account the fact that Marc was a minor in instructing the jury. *Bruno v. Grande*, 31 Ariz. 206, 251 P. 550 (1926); *Ruiz v. Faulkner*, 12 Ariz.App. 352, 470 P.2d 500 (1970).

## INADEQUACY OF DAMAGES

Finally, appellant argues that the damages awarded by the jury bear no relationship to the evidence presented in court. The city stipulated to the admission of Marc's medical bills, which totalled $6,707.83. There was no contrary evidence on his medical expenses. At the hearing on the motion for new trial, the court stated, "I think the jury was confused about the damages. There is no other explanation for their $3,000 award that I can think of. I think they may have misconstrued the instructions." Because of those statements and because the medical evidence was undisputed, we remand to the trial court with directions to grant the motion for new trial as to damages. Pursuant to Rule 59(i), Ariz.R.Civ.P., 16 A.R.S., the order may be granted conditionally upon acceptance of an additur in an amount to be determined by the trial court, but in no event less than $6,707.83.

Affirmed; remanded on the issue of inadequacy of the damages.

LIVERMORE, P.J., and ROLL, J., concur.