[L. A. No. 26238.   In Bank.   July 3, 1961.]

THOMAS ACOSTA, a Minor, etc., et al., Plaintiffs and
Appellants, v. COUNTY OF LOS ANGELES, Defend-
ant and Respondent.

Freedman, Herscher, Gold & Fox and Daniel M. Herscher for Plaintiffs and Appellants.

Harold W. Kennedy, County Counsel, and Lloyd S. Davis, Deputy County Counsel, for Defendant and Respondent.

WHITE, J.—Thomas Acosta, a minor, by his father, Richard Acosta, guardian *ad litem,* and Richard Acosta appeal from a judgment of dismissal following the granting of defendant's motion for summary judgment in an action against the county of Los Angeles for personal injuries sustained by the minor, and for reimbursement for medical expenses incurred by Richard Acosta individually, as a result of injuries sustained by the minor plaintiff.

It is alleged in behalf of the minor that he was injured in a fall from his bicycle caused by a bump in a sidewalk negligently maintained by the county of Los Angeles. Recovery is sought under the Public Liability Act. (Gov. Code, §§ 53050 et seq.) The motion for summary judgment as to both causes of action was supported by an affidavit in which it was set out

that an ordinance of the county of Los Angeles prohibited, among other things, the operation of a bicycle on county sidewalks except in specified areas not here involved. In opposition thereto the minor filed an affidavit stating that he was 9 years of age at the time of his injury, and that he did not know it was unlawful to ride a bicycle on a county sidewalk.

It must be conceded that a county may reasonably restrict the use of county highways for the protection of the public (Sts. & Hy. Code, § 942.5), and that an ordinance prohibiting bicycle riding on sidewalks is such reasonable exercise of the power. But whether by the enactment of such an ordinance the county absolves itself of its liability resulting from negligent maintenance of the sidewalk for injuries occurring to a minor engaged in the prohibited conduct, yet remains to be resolved.

The question is immediately raised as to the nature of the duty owed the minor by the county as relates to the maintenance of its sidewalks. It is claimed that because he was guilty of violating the ordinance prohibiting the riding of bicycles on the sidewalk, the minor was a trespasser and that the duty owed him is no greater than that of a proprietor of private property to refrain from wilful or wanton injury and from active negligence as against a trespasser. It is manifest, however, that there are substantial differences in the instant case as compared to a trespasser on private property. In the first place, the minor was not in or on a place where he was not entitled to be or remain. The ordinance prohibits only the riding of his bicycle, not his entry onto the sidewalk. Furthermore, in spite of the ordinance, the very nature of a sidewalk is one which invites entry of the nature here involved, and particularly the entry of children, in the lack of affirmative enforcement action on the part of the county.

Finally, the purpose of the ordinance does not appear to be one intended to protect the county from claims resulting from injuries to bicycle riders caused by negligently maintained sidewalks, as injuries equal in number and severity would as likely occur if bicycle riders were forced to travel negligently maintained streets. Rather the ordinance appears to be one designed to protect pedestrians from bicycle riders and others prohibited from use of the sidewalks. In view of such considerations, in a case factually similar to the instant one, the Supreme Court of Tennessee, in *City of Winchester* v. *Finchum* (1956), 201 Tenn. 604 [301 S.W.2d 341], said, beginning at page 611 and quoting from the Tennessee Court

of Appeals: " 'That ordinance outlawed the riding of bicycles and other vehicles on the sidewalks, but it did not make such riders themselves outlaws, or put them beyond the protection of the law, or divest the City of the duty it owed them in common with all other members of the public to use due care to keep such walks reasonably safe for use by pedestrians. . . .

██  " 'The authorities generally hold, where a city permits the riding of bicycles on its sidewalks, that though it is not bound to keep such walks safe for such riding, it does owe to the riders the same duty it owes pedestrians to safeguard such walks against dangerous defects; and that a bicyclist may recover for injuries caused him by such a defect, provided he was not guilty of proximate contributory negligence. *Guidi* v. *Town of Great Barrington,* 272 Mass. 577 [172 N.E. 916] ; *Le May* v. *Oconto,* 229 Wis. 65 [281 N.W. 688, 118 A.L.R. 1019] ; *Arata* v. *Orleans Capitol Stores, Inc.,* 219 La. 1045 [55 So.2d 239] ; *Collins* v. *Philadelphia,* 227 Pa. 121 [75 A. 1028, 27 L.R.A. N.S. 909, 136 Am.St.Rep. 873-874, 19 Ann.Cas. 972, 973] ; Annotation, 118 A.L.R. 1023; 19 McQuillin, Municipal Corporations (3d ed.) sec. 54.54; 7 Am.Jur. Bicycles, sec. 17, page 740.

" 'Where a child has been injured by a defect in the sidewalk while riding a bicycle thereon in violation of a city ordinance, some cases have denied recovery on the ground that the city owed such child no duty to keep such walks reasonably safe for riding a bicycle thereon, and the view has been expressed that such a child was a trespasser to whom the city owed no duty. See cases cited in annotation 118 A.L.R. 1024-1025.

" 'For the reasons above stated, however, we think that the ordinance forbidding the riding of bicycles in Winchester did not abolish the City's duty to the children whom it permitted to ride on its sidewalks; that it cannot say they were trespassers; that it owed them the same measure of duty which it owed pedestrians, and that they were entitled to protection against such defects as would be actionable in case of injury to a pedestrian.' " (*Cf. Hill* v. *Reaves* (1932), 224 Ala. 205 [139 So. 263].)

It is claimed here, as in the Tennessee case, that in spite of the ordinance the county permitted, or condoned, the riding of bicycles by children on the sidewalks, and that such factual question ought not have been resolved on motion for summary judgment. The question was raised in the trial court inferentially by the minor's declaration in opposition to the motion

to the effect that he had no knowledge of the prohibited conduct.

Plaintiffs also seek to avoid the effect of the status of a trespasser on private property by contending that the ''Public Liability Act makes no distinction between a trespasser, licensee or invitee who sustains injury by reason of a defective or dangerous condition of public property.'' In *Gibson* v. *County of Mendocino,* 16 Cal.2d 80 [105 P.2d 105], the plaintiff was injured by a defective condition at the entrance to the county court house. She intended to enter the court house only for the purpose of passing through to the street on the far side. This was urged as reason for denial of recovery for her injuries caused by the defective condition. The court held at page 84 that the statute made no distinction ''as between a licensee or an invitee who may sustain injuries by reason of a defective or dangerous condition of the public property mentioned in the act. In effect, *it has been held that the rules with respect to the measure of care to be exercised by owners of private property toward invitees and licensees have no application to the duty imposed by the statute on a county . . . to maintain public property in a safe condition.''* (Emphasis added.) The court, in the Gibson case, then continued as follows, beginning on page 84: ''Thus, in the case of *Castro* v. *Sutter Creek U.H.S. Dist.,* 25 Cal.App.2d 372, 377 [77 P.2d 509], where the issues involved the applicability of the same section of the act here concerned, the plaintiff, who had accompanied her two daughters to a dance held at an auditorium belonging to a school district, was shown to have received an injury because of having stepped into a hole as she was 'crossing over' a parkway or strip of land lying between the sidewalk and the curbing adjoining a driveway which extended along the south side of the auditorium, which strip of land was owned by the school district, but was intended to be used only as a lawn plot or place for the planting of trees. In that case, where arguments were directed to the question whether at the time of the accident the injured person was a licensee or an invitee, the court ruled that the answer to that question was immaterial and not determinative of the liability of the defendants. The provisions of the section were there set forth to the effect that a county, municipality or school district is liable for injuries to persons and property resulting proximately from the dangerous or defective condition of public buildings, grounds, etc., in *all cases* where the government or managing board of such school district, county,

municipality or person having authority to remedy such condition, had knowledge or notice of the defective or dangerous condition of any such buildings, grounds, etc., and within a reasonable time after acquiring such knowledge had failed to remedy such condition. The court in that case said that the provisions of the section 'base liability upon any act which leaves a place or condition dangerous or defective and liable to cause some injury to the *general public*,' and that the section was 'designed not for the safety, particularly, either of licensees or invitees, . . . .' (Emphasis added.) ''

Although the court in the Gibson case expressly held that no distinction should be drawn as between a licensee and an invitee, the broad language nevertheless would seem to include one in the circumstances of the minor in the instant case. Moreover, it is difficult indeed to distinguish between the status of a child while riding a bicycle on a prohibited sidewalk, and an adult while walking on public property intended for lawns and shrubs. Is one a trespasser while the other is not? Closer in point, perhaps, is *Gallipo* v. *City of Long Beach,* 164 Cal.App.2d 70 [330 P.2d 91], where the evidence revealed that an 8-year-old boy fell from an overhead pipeline maintained by the defendant city. The pipeline ran parallel to defendant's bridge over a railroad crossing. The pipeline was provided with a plank walkway, apparently for use by service personnel, and there was a barb wire barricade to prevent passage over the pipeline and walkway. The court sustained a judgment for the boy under the Public Liability Act. It held, also, that there was no error in the refusal of the trial judge to instruct the jury either that the minor was a licensee or a trespasser as a matter of law, or that the court should have submitted the question of whether the minor was a licensee or trespasser to the jury under proper instructions as to the duty owed a person of such status as the jury may have determined in the case of the minor.

It is manifest that the instant case is properly distinguishable from those cases wherein recovery under the Public Liability Act has been denied where a child was injured by a defective or dangerous condition when he went onto public property not generally open to any member of the public, or for a purpose not connected with the normal use of the property, and recovery in such instances was deemed to be beyond the legislative intent. (*Van Winkle* v. *City of King* (1957), 149 Cal.App.2d 500, 504-505 [308 P.2d 512]; *Loewen* v. *City of Burbank* (1954), 124 Cal.App.2d 551, 553

[269 P.2d 121] ; *Betts* v. *City & County of San Francisco* (1952), 108 Cal.App.2d 701, 704 [239 P.2d 456] ; *Demmer* v. *City of Eureka,* 78 Cal.App.2d 708, 713 [178 P.2d 472].)

Where, as here, the legitimate purpose of the ordinance is not frustrated, we are persuaded that a violation thereof by the minor in the instant circumstances should not relieve the county of its duty to maintain its sidewalks free of dangerous defects as to the public in general, including the plaintiff whose use of the public property was neither extraordinary nor unusual. Accordingly, the motion for summary judgment should have been denied.

The judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., and Dooling, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Presiding Justice Shinn in the opinion prepared by him for the District Court of Appeal, *Acosta* v. *County of Los Angeles,* (Cal.App.) 10 Cal. Rptr. 222.