[No. H003177. Sixth Dist. June 27, 1988.]

In re TIMOTHY R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY R., Defendant and Appellant.

COUNSEL

Michael Kresser, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver and Morris Beatus, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

## AGLIANO, P. J.—

### 1. *Introduction*

Shortly after 8 p.m. on Christmas Eve in 1986, a police officer saw Timothy R. (the minor), then fifteen years old, talking with three other youths for about five minutes in an open breezeway between two buildings in a shopping center in San Jose. Without speaking to them, the officer concluded they were not there to shop in any of the open stores, but were trespassing and loitering in disregard of posted notices and prior verbal warnings. The minor was arrested and charged with violating a municipal code section prohibiting trespassing on posted property. The juvenile court determined the minor to be a ward pursuant to Welfare and Institutions Code section 602. The minor was fined $25, ordered to spend four days in Juvenile Hall, ordered not to loiter at the shopping center, and put on probation for thirty days.

The minor appeals, raising a number of constitutional challenges to section 10.20.140 of the San Jose Municipal Code. We will reverse because the section is unconstitutionally vague.

### 2. *Background*

San Jose City Police Officer Loren Priddy regularly patrolled the shopping center in the late afternoon and evening hours. The shopping center consists of three buildings containing about twenty shops. The stores have window displays, some are open past 10 p.m. and one convenience store is always open. Eight to ten signs, visible from all entrances to the center, forbid trespassing under San Jose Municipal Code section 10.20.140. Prior to arresting the minor on December 24, 1986, the officer observed him talking with other youths about 30 feet from such a sign.

The minor was charged with violating subsection (c) of section 10.20.140 of the San Jose Municipal Code, which prohibits the presence on properly posted business or commercial premises or other private property of anyone

who does not have written permission from the owner, lessee or other person in charge.[1]

The officer testified that in the four to six weeks before arresting the minor, he had told him to leave the shopping center probably twenty to thirty times. The minor testified the officer had so warned him about four or five times. The officer had told him there had been problems with vandalism, shop owners had complained of trespassing and loitering, and the code section prohibited trespassing or loitering at the center before or after shopping.

The minor and his father testified that the father had dropped his son off at the shopping center about 10 minutes before he was arrested. The father had given the minor money for a purchase at the convenience store. The minor planned to meet some friends and go to a party. The minor thought the no trespassing sign referred to a different area than where he was standing, despite the officer's warnings. He "hung around" the shopping center because his friends did.

---

[1] Section 10.20.140 provides: "A. No person shall remain upon any private property or business premises after being notified by the owner or lessee, or other person in charge thereof to remove himself therefrom.

"B. No person, without permission, express or implied, of the owner or lessee, or other person in charge of private property or business premises, shall enter upon such private property or business premises after having been notified by the owner or lessee, or other person in charge thereof, to keep off or keep away therefrom."

"C. No person, without the express written permission of the owner or lessee, or other person in charge of business, commercial premises or other private property, shall enter or remain upon such business, commercial premises or other private property if said premises or property [is] conspicuously posted with signs forbidding trespass at each door, driveway, gate, or other entrance to said premises or property; said signs shall be at least two feet in length by two feet in width, and said signs shall state in letters at least six inches in height: 'No Trespassing—Municipal Code Section 10.20.140.'

"D. The provisions of this section shall not apply in any of the following instances: [¶] 1. When its application results in, or is coupled with, any act prohibited by the Unruh Civil Rights Act, or any other provision of law relating to prohibited discrimination against any person on account of color, race, religion, creed, ancestry or natural origin; [¶] 2. When its application results in, or is coupled with, an act prohibited by Section 365 of the California Penal Code, or any other provision of law relating to duties of innkeepers and common carriers; [¶] 3. When its application would result in an interference with, or inhibition of, peaceful labor picketing or other lawful labor activities; [¶] 4. When its application would result in an interference with, or inhibition of, any other exercise of constitutionally protected right of freedom of speech, such as, but not limited to, peaceful expressions of political or religious opinion not involving offensive personal conduct; or [¶] 5. When such person is upon another's private property or business premises under claim or color of legal right."

### 3. *A Narrowing Construction Cannot Avoid the Municipal Code Section's Vague Application to Unexpressive Conduct*

■ The minor contends the municipal code section is unconstitutionally vague and overbroad in several respects. The United States Supreme Court has "traditionally viewed vagueness and overbreadth as logically related and similar doctrines." (*Kolender* v. *Lawson* (1983) 461 U.S. 352, 359, fn. 8 [75 L.Ed.2d 903, 910, 103 S.Ct. 1855].)

■ "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. [Fn. omitted.] Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. [Fn. omitted.] A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application. [Fn. omitted.] Third, but related, where a vague statute 'abut[s] upon sensitive areas of basic First Amendment freedoms,' [fn. omitted] it 'operates to inhibit the exercise of [those] freedoms.' [Fn. omitted.] Uncertain meanings inevitably lead citizens to ' "steer far wider of the unlawful zone" . . . than if the boundaries of the forbidden areas were clearly marked.' [Fn. omitted.]" (*Grayned* v. *City of Rockford* (1972) 408 U.S. 104, 108-109 [33 L.Ed.2d 222, 227-228, 92 S.Ct. 2294].)

■ "A clear and precise enactment may nevertheless be 'overbroad' if in its reach it prohibits constitutionally protected conduct." (*Id.* at p. 114 [33 L.Ed.2d at p. 231], footnoting *Zwickler* v. *Koota* (1967) 389 U.S. 241, 249-250 [19 L.Ed.2d 444, 451, 88 S.Ct. 391]; see Annot. (1976) 45 L.Ed.2d 725.)

■ The minor contends that subsection (c) fails to provide fair warning of what is prohibited. Subsection (c) of San Jose Municipal Code section 10.20.140 is unlike preceding subsections (a) and (b), which are invoked by a request to leave the premises by the person in charge.[2] He contends there

---

[2] *In re Cox* (1970) 3 Cal.3d 205 [90 Cal.Rptr. 24, 474 P.2d 992] considered the vagueness of a different part of a San Rafael Municipal Code section virtually identical to subsections (a), (b), and (d) in San Jose Municipal Code section 10.20.140. *(Cox, supra,* at pp. 210-211, fn. 2.) The first two subsections in both code sections prohibit a person from remaining or entering on private property or business premises contrary to the request of the person in charge of the premises. The last subsection in both code sections states exceptions to the application of the section. However, the San Rafael section had no part like subsection (c) of section 10.20.140.

is an "inherent contradiction" in the following situation. By the terms of subsection (c), proper posting makes business and commercial premises off-limits to all members of the public other than the owner, lessee, person in charge, and those with express written permission. We consider section 10.20.140, subsection (c), by itself, constitutionally clear in this regard, although broad. (Compare *Adderley* v. *Florida* (1966) 385 U.S. 39, 42-43 [17 L.Ed.2d 149, 153, 87 S.Ct. 242]—trespass statute not vague; with *Bouie* v. *City of Columbia* (1964) 378 U.S. 347, 355 [12 L.Ed.2d 894, 900-901, 84 S.Ct. 1697]—trespass statute vague as construed and applied; see Annot. (1985) 75 L.Ed.2d 1049, 1061-1062, § 8.)

The minor also questions the meaning of subsection (d)(5), which exempts from the status of trespassers those who are on another's premises "under claim or color of legal right." In order for this subsection not to be surplusage, it must be an indication that other persons may be entitled to be present on another's property than those already authorized by subsection (c). However, we have no more definite idea of what this exception means.[3]

We find almost no guidance in California law regarding when one may enter or remain on another's business premises under claim or color of legal right. ■ The necessity of preserving life or health may excuse a trespass. (*People* v. *Roberts* (1956) 47 Cal.2d 374, 377 [303 P.2d 721].) ■ Entry of property under claim or color of right limits the damages available for a trespass in mining the property. (*Daly* v. *Smith* (1963) 220 Cal.App.2d 592, 598-599 [33 Cal.Rptr. 920].)

We have been unable to discover any more relevant law regarding who is excused from trespassing on another's property by virtue of a "claim or color of legal right." This might refer only to those who have a good faith but mistaken belief that they hold either an ownership, lease, easement, or other legal interest in the property. (E.g., *People* v. *Sweetser* (1977) 72 Cal.App.3d 278, 283-284 [140 Cal.Rptr. 82]—member of public entitled to use easement for public highway purposes.) This might also refer to police officers, firefighters, postal workers, and other governmental employees pursuing their official duties. If this is all that subsection (d)(5) is intended to

---

[3] In contrast, the San Rafael section involved in *Cox* contained the following explanation of the "claim or color of legal right" subsection. " 'This exception is applicable (but not limited to) the following types of situations involving disputes wherein the participants have available to them practical and effective civil remedies: marital and post-marital disputes; child custody or visitation disputes; disputes regarding title to or rights in real property; landlord-tenant disputes; disputes between members of the same family or between persons residing upon the property concerned up until the time of the dispute; employer-employee disputes; business-type disputes such as those between partners; debtor-creditor disputes; and instances wherein the person claims rights to be present pursuant to order, decree or process of a court.' " (3 Cal.3d 205, 210-211, fn. 2.)

mean, it is a very limited exception creating absurd results. Most customers at a posted shopping center would remain trespassers under this interpretation.

While shopping centers are not the only properties affected by San Jose Municipal Code section 10.20.140, they offer a pertinent illustration of the unconstitutional vagueness of subsection (d)(5). How is a police officer to determine whether a person on the premises of a posted shopping center without express written permission, other than the owner, lessee, or person in charge, is there "under claim or color of legal right"? Even if an officer avoids speculation by individually questioning each person's reason for being on the premises, the section affords no standard to guide the officer in determining which reasons constitute a valid "claim or color of legal right."

■■■ This section exhibits the same unconstitutional vagueness as a statute prohibiting presence in a public way late at night "without any visible or lawful business" *(Palmer* v. *City of Euclid* (1971) 402 U.S. 544, 545-546 [29 L.Ed.2d 98, 100, 91 S.Ct. 1563]) or a statute prohibiting "wandering or strolling around from place to place without any lawful purpose or object" (*Papachristou* v. *City of Jacksonville* (1972) 405 U.S. 156, 164 [31 L.Ed.2d 110, 116-117, 92 S.Ct. 839]). "Where, as here, there are no standards governing the exercise of the discretion granted by the ordinance, the scheme permits and encourages an arbitrary and discriminatory enforcement of the law." *(Id.* at p. 170 [31 L.Ed.2d at p. 120]; cf. *Kolender* v. *Lawson, supra,* 461 U.S. 352, 360-361 [75 L.Ed.2d at p. 911].) We note the prosecutor at trial championed section 10.20.140 for allowing merchants to rid themselves of "the problem of so[-]called mall rats who are young people who just hang out basically" and discourage other shoppers.

The vagueness of subsection (d)(5) is not cured by the narrowing construction adopted in *In re Cox, supra,* 3 Cal.3d 205. *Cox* was concerned with the exception stated in subsection (d)(4), which purports to exempt from the section's application free speech "not involving offensive personal conduct."

The court in *Cox* determined that the phrase "offensive personal conduct" would be unconstitutionally vague without a narrowing construction because it allowed for suppression of protected expressive conduct through arbitrary enforcement according to the judgment of individual police officers. (*Id.* at pp. 221-222.) The city conceded a narrowing construction would be appropriate. (*Id.* at p. 221.) In order to make the section constitutional, the court construed "the trespass ordinance, and particularly the words 'offensive personal conduct,' as applied to the use of streets, sidewalks, and other public areas, to coincide with those offenses punishable

under Penal Code section 647c (obstruction of a street, sidewalk, or other public area; [citation]) and under Penal Code section 415 (disturbing the peace; [citation])." (*Id.* at p. 223.) Since Cox was arrested for violating the San Rafael section by ignoring a request to leave a shopping center, this narrowing construction presumably means that the section prohibits on private property or business premises only that expressive conduct which in public places would constitute disturbing the peace or obstructing movement.

*Cox's* narrowing construction applies only to expressive conduct, leaving police officers free rein to select which unexpressive conduct on posted premises, whether shopping or standing without talking, constitutes a violation of section 10.20.140, subsection (c).

The People essentially suggest the following construction. If private property is held open to the public, members of the public are trespassing only if they do not use it in a manner reasonably related to the purpose for which the property is held open. In other words, people on premises held open to the public would not be trespassing if they had the implied consent of the owner, lessee, or person in charge.

Since this construction still invites arbitrary enforcement, we need not explore its effect on subsection (c)'s provision that only those with "express written permission" are not trespassing. Returning to the example of a police officer attempting to enforce this section at a posted shopping center, the officer would have to measure the apparent purpose of a person on the premises against what the officer supposed was the reason for which the premises were held open to the public. This supposition would have to consider that even one store will often advertise a variety of products and services to attract customers of differing ages and socioeconomic backgrounds. Thus, a shopping center with only a few stores could reasonably be said to be held open for differing purposes from day to day. This proposed narrowing construction does not solve the problem of the vagueness of subsection (d)(5) in combination with the breadth of subsection (c) of San Jose Municipal Code section 10.20.140. " 'It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts [or the police] to step inside and say who could be rightfully detained, and who should be set at large.' " *(Papachristou, supra,* 405 U.S. 156, 165 [31 L.Ed.2d at p. 117].)

The People suggest that the minor cannot complain of the section's vagueness because the officer personally told him what it meant a number of times. We note that Lawson successfully challenged the vagueness of California Penal Code section 647, subdivision (e), although he had been de-

tained or arrested thereunder 15 times. (*Kolender* v. *Lawson, supra,* 461 U.S. 352, 354 [75 L.Ed.2d 903, 907].) One police officer's personal interpretation cannot definitively clarify an inherently vague law.

■    Courts will attempt to preserve an enactment's constitutionality by a reasonable narrowing construction (e.g., *Franklin* v. *Leland Stanford Junior University* (1985) 172 Cal.App.3d 322, 348 [218 Cal.Rptr. 228]), but "[i]f elimination of objectionable parts of a statute requires a wholesale rewriting, a court's attempt to do so transgresses both the legislative intent and the judicial function. ([Citation]; *People* v. *Stevenson* (1962) 58 Cal.2d 794, 798 . . . .)" (*In re King* (1970) 3 Cal.3d 226, 237, cert. den. 403 U.S. 931 [90 Cal.Rptr. 15, 474 P.2d 983, 29 L.Ed.2d 709, 91 S. Ct. 2249].)

■    We conclude that judicial construction cannot avoid the unconstitutional vagueness in the combination of San Jose Municipal Code section 10.20.140, subsections (c) and (d)(5).[4] (Accord *Ames* v. *City of Hermosa Beach* (1971) 16 Cal.App.3d 146, 152 [93 Cal.Rptr. 786].)

### 4.   *Disposition*

The order adjudicating the minor a ward of the juvenile court and subsequent orders are reversed because he was convicted of violating an unconstitutionally vague municipal code section.

Brauer, J., and Capaccioli, J., concurred.

---

[4]In light of this conclusion, we need not resolve whether the section either implicates Fourth Amendment concerns (*Kolender, supra,* 461 U.S. 352, 361, fn. 10 [75 L.Ed.2d at p. 911]) or is preempted by Penal Code section 602.

We do observe that *Cox* rejected the contention that the state had preempted the field of trespass. (3 Cal.3d 205, 220; accord *In re Rudolfo A.* (1980) 110 Cal.App.3d 845, 852 [168 Cal.Rptr. 338]; *Sports Committee Dist, 37 A.M.A., Inc.* v. *County of San Bernardino* (1980) 113 Cal.App.3d 155, 160 [169 Cal.Rptr. 652].) While section 602 has been subsequently amended, it will be difficult to find preemption so long as Penal Code section 647c continues to provide, "Nothing in this section affects the power of a county or a city to regulate conduct upon a street, sidewalk, or other public place or on or in a place open to the public." (E.g., *Candid Enterprises, Inc.* v. *Grossmont Union High School Dist.* (1985) 39 Cal.3d 878, 888 [218 Cal.Rptr. 303, 705 P.2d 876]; *Watson* v. *County of Merced* (1969) 274 Cal.App.2d 263, 265 [78 Cal.Rptr. 807].)