[No. B162350. Second Dist., Div. Six. Jan. 22, 2004.]

TATIANA CHILDS, a Minor, Plaintiff and Appellant, v.
COUNTY OF SANTA BARBARA, Defendant and Respondent.

66

**COUNSEL**

Law Offices of Jeffrey S. Young and Jeffrey S. Young for Plaintiff and Appellant.

Stephen Shane Stark, County Counsel, Michael M. Youngdahl and Lisa Rothstein, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**PERREN, J.**—Tatiana Childs fell and suffered serious injury when she rode a small "razor" scooter over an uplifted section of sidewalk on a residential street in the County of Santa Barbara. She sued the County contending that the sidewalk constituted a dangerous condition of public property. The trial court ruled that the doctrine of primary assumption of risk barred liability because, as a matter of law, riding a scooter is a recreational activity, and falling is an inherent risk of the activity. She appeals a summary judgment granted in favor of the County. (Code Civ. Proc., § 437c, subd. (c).) We conclude that riding a scooter is covered by the doctrine of primary assumption of risk only when the activity involves an element of danger, requires physical exertion and skill, and includes a competitive challenge. A triable issue exists in this case regarding whether Tatiana was riding her scooter in such a manner. Accordingly, we reverse.

### FACTS AND PROCEDURAL HISTORY

While riding a scooter on a sidewalk in a residential neighborhood in the County of Santa Barbara, 11-year-old Tatiana Childs fell and suffered injuries. Acting through her guardian ad litem, Alexander Childs, Tatiana sued the County for personal injury, alleging that the County negligently maintained the subject sidewalk in a dangerous condition. (Gov. Code, § 835.)

The County moved for summary judgment contending that riding a scooter constitutes a sport or recreational activity and that, pursuant to the doctrine of primary assumption of risk, the County had no duty to protect Tatiana against a risk inherent in such an activity. In support of the motion, the County relied exclusively on the allegation in Tatiana's complaint that she was riding her scooter on a residential sidewalk and fell "as she rode over a break in the sidewalk that was raised more than three inches above the adjoining sidewalk section." The County offered no other evidence regarding the circumstances of her activity.

The trial court granted the motion concluding that "scootering is a recreational activity for purposes of the doctrine of assumption of the risk," and the "risk of coming upon uneven surfaces and falling from a scooter is inherent in the activity of riding a scooter. Any failure to maintain the sidewalk on the part of the County did not increase this inherent risk." Tatiana appeals the judgment.

### DISCUSSION

■ To obtain summary judgment, a defendant must negate a necessary element of the plaintiff's case or establish a complete defense to the claim

which eliminates the existence of all material issues of fact that require a trial. (Code Civ. Proc., § 437c, subd. (p)(2); *Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122].) We review an order granting summary judgment de novo, "applying the same legal standard as the trial court in determining whether there are any genuine issues of material fact or whether the moving party is entitled to judgment as a matter of law." (*Iverson v. Muroc Unified School Dist.* (1995) 32 Cal.App.4th 218, 222 [38 Cal.Rptr.2d 35].)

Tatiana contends that the County is liable because her injuries were a reasonably foreseeable risk of a dangerous condition of public property (Gov. Code, § 835), and that the doctrine of primary assumption of risk does not bar recovery as a matter of law. A dangerous condition of public property is "a condition . . . that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." (Gov. Code, § 830, subd. (a).)

In its motion for summary judgment, the County does not challenge the existence of a dangerous condition as defined in Government Code section 830. Instead, the County argues that its liability "is subject to any defenses that would be available to the public entity if it were a private person" (Gov. Code, § 815, subd. (b)), and that the defense of assumption of risk constitutes a complete bar to liability in this case. (*Knight v. Jewett* (1992) 3 Cal.4th 296, 308 [11 Cal.Rptr.2d 2, 834 P.2d 696] (*Knight*).)

■ The doctrine of "primary" assumption of risk developed as an exception to the general rule that all persons have a duty to use due care to avoid injury to others. (*Knight, supra,* 3 Cal.4th at p. 315; see also *Cheong v. Antablin* (1997) 16 Cal.4th 1063, 1068 [68 Cal.Rptr.2d 859, 946 P.2d 817].) *Knight* distinguishes between primary assumption of risk where a person has no duty of care, and "secondary" assumption of risk where the defendant owes a duty to a plaintiff who is careless in encountering a known risk created by the defendant's breach of its duty. (*Knight,* at pp. 308, 314–315.) Primary assumption of risk is a complete bar to recovery. Secondary assumption of risk "is merged into the comparative fault scheme, and the trier of fact, in apportioning the loss resulting from the injury, may consider the relative responsibility of the parties." (*Id.,* at p. 315.) ■ When the facts are not disputed, application of the doctrine of primary assumption of risk is a legal question to be decided by the court. (*Id.,* at p. 313; *Record v. Reason* (1999) 73 Cal.App.4th 472, 479 [86 Cal.Rptr.2d 547].)

■ The doctrine of primary assumption of risk is applied to certain sports or sports-related recreational activities where "conditions or conduct that

otherwise might be viewed as dangerous often are an integral part of the sport itself" and their removal would alter the nature of the sport. (*Knight, supra,* 3 Cal.4th at p. 315.) The doctrine is based on the commonsense conclusion that where a person is playing an active sport, others involved in the activity should not be liable for injuries caused by risks that are an inherent part of the sport unless the defendant's conduct has increased the risk of harm. (*Id.,* at pp. 315–318; *Shannon v. Rhodes* (2001) 92 Cal.App.4th 792, 796 [112 Cal.Rptr.2d 217].)

■ To make the determination that primary assumption of risk rather than comparative negligence principles applies, a court must examine the nature of the particular activity and the relationship of plaintiff and defendant to the activity and each other. (*Knight, supra,* 3 Cal.4th at pp. 315–317; *Cheong v. Antablin, supra,* 16 Cal.4th at p. 1068.) In *Knight,* the court held that a defendant owes no duty of care to protect a plaintiff against the risks inherent in the competitive team sport of football, and in a companion case, the court reached the same conclusion regarding the noncompetitive, nonteam sporting activity of waterskiing. (*Ford v. Gouin* (1992) 3 Cal.4th 339, 345 [11 Cal.Rptr.2d 30, 834 P.2d 724].) Later cases have applied the primary assumption of risk doctrine to a wide range of sports and recreational activities. (See cases cited in *Moser v. Ratinoff* (2003) 105 Cal.App.4th 1211, 1220–1221 [130 Cal.Rptr.2d 198].)

As a general rule, an activity falls within the doctrine if "the activity is done for enjoyment or thrill, requires physical exertion as well as elements of skill, and involves a challenge containing a potential risk of injury." (*Record v. Reason, supra,* 73 Cal.App.4th at p. 482.) In addition, an activity subject to the doctrine necessarily matches a participant's physical skill, strength or agility against another competitor or against some other standard of performance such as a high score or a low time, and necessarily includes some element of danger. (See *Shannon v. Rhodes, supra,* 92 Cal.App.4th at p. 797.)

"The overriding consideration in the application of primary assumption of risk is to avoid imposing a duty which might chill vigorous participation in the implicated activity and thereby alter its fundamental nature." (*Ferrari v. Grand Canyon Dories* (1995) 32 Cal.App.4th 248, 253 [38 Cal.Rptr.2d 65].) Many sports and sports-related activities necessarily involve dangers and have rules established expressly to enhance the challenge, thrill or risk, and could not exist if vigorous participation were discouraged by the specter of legal liability. (*Knight, supra,* 3 Cal.4th at p. 318.)

■ Applying these criteria to the instant case, we conclude that the record does not establish as a matter of law that Tatiana was engaged in a

sport or sports-related recreational activity covered by the assumption of risk doctrine. Riding a scooter may be subject to the doctrine under some circumstance, but we cannot conclude, as the trial court did, that riding a scooter is a recreational activity subject to the doctrine under all circumstances. Based on the undisputed facts, applying the assumption of risk doctrine to simply riding a scooter on a residential sidewalk would not further the purpose of the doctrine to protect sports and sports-related activities from the chilling effect of liability for injuries caused by inherent risks in the activity. To the contrary, it might chill the riding of scooters and other wheeled toys, a result which would not be consistent with the purpose of the doctrine. (See *Knight, supra,* 3 Cal.4th at pp. 318–320.)

We analyze the evidence of the nature of Tatiana's activity, the manner in which it was performed, and its inherent risks. (*Knight, supra,* 3 Cal.4th at p. 315; *Shannon v. Rhodes, supra,* 92 Cal.App.4th at p. 797.) In support of its motion for summary judgment, the County relied on allegations in the complaint to establish that Tatiana was riding a scooter on a residential sidewalk and fell "as she rode over a break in the sidewalk that was raised more than three inches above the adjoining sidewalk section." The County offered no evidence that she was riding at any particular speed, or with other children in a structured or unstructured contest such as a race, or was testing the limits of her ability or the scooter, or that she was attempting any trick or maneuver requiring skill. Based on the evidence, Tatiana may have been engaged in no more than the diversion of getting from one place to another through the use of a child's toy with wheels. Further, the characteristics of the scooter show that it was not a formidable means of transportation. It was lightweight and could be folded up into something not much larger than a breadbox. And, Tatiana testified that it "looks like a normal scooter, except it's a lot smaller."[1]

We do not discount the opportunity for mischief that any wheeled vehicle presents for children of all ages, and the evidence at trial may show that Tatiana was riding her scooter in an adventuresome and thrill-seeking manner. But we must review the order granting summary judgment as if Tatiana's activity involved no more than riding her scooter on the sidewalk.

■ Application of the doctrine of assumption of risk is determined by the manner in which equipment is used, not the manner in which it can be used, and merely using recreational equipment for pleasure does not trigger the doctrine. (See *Shannon v. Rhodes, supra,* 92 Cal.App.4th at p. 801.) To conclude otherwise would mean that because a car can be used in a race, riding in a car is participation in a sport. Similarly, it would mean that

---

[1] A photograph of a person, presumably Tatiana, holding the scooter is attached as an appendix to this opinion.

because a bicycle can be used in a race, riding a bicycle as a means of transportation is participation in a sport. There are no cases holding that the use of an automobile or bicycle or other equipment is automatically subject to the assumption of risk doctrine solely because the equipment can be used in a sport or sports-related activity. (*Id.*, at pp. 799–801.) In all situations, the conduct of the driver or rider may be considered in apportioning fault. (See *Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804, 816, 829 [119 Cal.Rptr. 858, 532 P.2d 1226].) But attributing fault to a plaintiff in determining recovery is very different from entirely barring recovery.

In a recent case, the court discussed the application of assumption of risk to different types of bicycling activities. (*Moser v. Ratinoff, supra,* 105 Cal.App.4th at pp. 1220–1221.) The court analogized bicycle riding to automobile driving as a "means of transportation," and suggested that bicycle riding, like automobile driving, is not automatically covered by the assumption of risk doctrine. (*Id.*, at p. 1221.) The court concluded that the particular type of bicycling at issue in the case was subject to the doctrine because "organized, long-distance bicycle rides on public highways with large numbers of riders involve physical exertion and athletic risks not generally associated with automobile driving or individual bicycle riding on public streets or on bicycle lanes or paths." (*Id.*, at p. 1221, fn. omitted.) The distinction drawn in *Moser* applies to the instant case. Riding a scooter as a means of transportation on a public sidewalk is not the same activity as "scootering" by a number of riders in an organized event.

Further, the County's heavy reliance on the skateboarding case, *Calhoon v. Lewis* (2000) 81 Cal.App.4th 108 [96 Cal.Rptr.2d 394], is misplaced. *Calhoon* does not support the conclusion that Tatiana's activity in riding her scooter is comparable to the *Calhoon* plaintiff's skateboarding activity. In *Calhoon*, the plaintiff was injured in an accident in the driveway of a residence owned by the parents of a friend. As he attempted to perform a skateboarding trick known as an "ollie," he lost control of his skateboard, fell backwards, and was injured by a metal pipe located in a planter. The court granted summary judgment in favor of the property owners principally on the ground that immunity for recreational use of private property set forth in Civil Code section 846 barred recovery. (*Calhoon,* at p. 113.)

The court also concluded that the assumption of risk doctrine applied to plaintiff's skateboarding activity because the accident was caused by the plaintiff's failure to successfully complete a dangerous skateboarding stunt and not by the condition of the driveway. (*Calhoon v. Lewis, supra,* 81 Cal.App.4th at pp. 115–117.) Here, Tatiana may have contributed to her fall by carelessly riding over a dangerous section of the sidewalk, but there is nothing in the record showing that Tatiana fell while attempting to perform a stunt or while riding her scooter for thrills and excitement.

■ Moreover, riding a scooter on the sidewalk is not inherently dangerous merely because a scooter rider might fall and suffer injury. Falling or a comparable mishap is possible in any physical activity but is not necessarily an *inherent danger* of the activity. The possibility that any person who rides a scooter, bicycle or other wheeled vehicle might be injured by the negligence of another is insufficient to impliedly excuse others from acting with due care to avoid accidents. (*Knight, supra*, 3 Cal.4th at pp. 311–312; *Bush v. Parents Without Partners* (1993) 17 Cal.App.4th 322, 330 [21 Cal.Rptr.2d 178].)

■ In addition to the nature of the activity, application of the doctrine of assumption of risk depends upon the relationship of the parties to the activity and to each other. (*Knight, supra*, 3 Cal.4th at pp. 315–317; *Cheong v. Antablin, supra,* 16 Cal.4th at .p. 1068.) Here, evidence concerning the relationship of the County to Tatiana and her activity reveals a triable issue as to whether the doctrine of assumption of risk or the statutory scheme for government tort liability, including principles of comparative fault, should be applied to Tatiana's accident. Clearly, a trier of fact should be entitled to consider Tatiana's conduct in causing the accident, but the evidence offered in support of the County's summary judgment motion is insufficient to establish that her conduct should bar recovery.

■ Primary assumption of risk is a policy-driven doctrine that reduces a defendant's duty of care regarding injuries in sporting activities that maximize challenges, excitement and risks. But although "defendants generally have no legal duty to eliminate (or protect a plaintiff against) risks inherent in the sport itself, . . . defendants generally do have a duty to use due care not to increase the risks to a participant over and above those inherent in the sport." (*Knight, supra*, 3 Cal.4th at pp. 315–316.) To use an example from *Knight*, a ski resort has no duty to remove moguls from a ski run but clearly has a "duty to use due care to maintain its towropes in a safe, working condition so as not to expose skiers to an increased risk of harm. The cases establish that the latter type of risk, posed by a ski resort's negligence, clearly is not a risk (inherent in the sport) that is assumed by a participant." (*Id.*, at p. 316.)

Here, we are asked to extend the doctrine of assumption of risk to a public entity that owns the sidewalk that was the site of Tatiana's accident and that is maintained by the public entity for public use in general. Tatiana alleges that the County negligently maintained its public property by failing to correct a dangerous condition in its sidewalk caused by height differentials between slabs of sidewalk concrete. These facts support the conclusion that the County breached its statutory duty to use due care and, even if the doctrine of assumption of risk applies, that the County's negligence increased the risks to Tatiana over and above those inherent in riding her scooter.

 The County has statutory liability for injuries caused by dangerous conditions of its public property and must maintain sidewalks in a condition that does not create a hazard to foreseeable users. (Gov. Code, § 835.) That duty extends not just to pedestrians but also to other uses of sidewalks that are "neither extraordinary nor unusual." (*Acosta v. County of Los Angeles* (1961) 56 Cal.2d 208, 214 [14 Cal.Rptr. 433, 363 P.2d 473] [duty extends to use by bicyclist in violation of local ordinance].) For purposes of its summary judgment motion, the County does not dispute this statutory duty, or that Tatiana was both a permissive and foreseeable user of the public sidewalks or, unless the doctrine of assumption of risk applies, that a breach of the County's duty is a triable issue.

The trial court concluded that the risk of "coming upon uneven surfaces and falling from a scooter" is inherent in riding a scooter and was not increased by "[a]ny failure to maintain the sidewalk" by the County. But the evidence equally supports the contrary conclusion that the existence of uneven surfaces resulted from the County's failure to maintain the sidewalk in a safe condition for all reasonable and foreseeable usage and, therefore, that the risk of injury was created, not merely increased, by the County's negligence.

 Uplifted portions of the sidewalk create a danger to all users of the sidewalk. It is not a danger unique to riding a scooter. Sidewalk height differentials create a risk for walkers, running children, parents running after their children, parents pushing children in carriages, persons carrying packages that impede the view of the sidewalk, as well as persons riding scooters, bicycles, tricycles, and other toys with wheels and pedals that may be purchased in any large toy store. The doctrine of assumption of risk is intended to reduce a person's legal duty to avoid risks created by a particular type of sport or recreational activity, but is not intended to eliminate a duty to avoid risks not only to the participants in the activity but also to other members of the public who properly and foreseeably utilize the same facilities.

At trial, it may be shown that riding a scooter increased the danger created by the sidewalk hazard, but based on the evidence before the trial court it is also possible that the sidewalk hazard rendered any use of the sidewalk dangerous. The evidence permits the reasonable inference that Tatiana's fall was not caused by riding a scooter as a sport whose inherent characteristics caused her to challenge the hazard head-on or prevented her from reacting quickly enough to avoid the hazard. Rather, the evidence supports a conclusion that Tatiana was riding her scooter at a safe speed and in a safe manner, and that the accident may have been caused by her inattention to the sidewalk hazard resulting from distractions that are not inherent in riding a scooter. It

is also possible, if not likely, that the hazardwas not readily visible to an attentive rider. The critical conclusion, however, is that the evidence before the trial court did not establish any of the possibilities.

In support of its motion, the County offered a declaration stating that sidewalks are constructed and maintained "to accommodate people who are walking" not to "accommodate scootering." Surely, the declaration was offered to suggest a relevant difference in the use of sidewalks by walkers and riders of scooters. But the declaration fails to establish that use of the sidewalks for any number of purposes other than walking, including riding scooters, was not foreseeable and permissible. The declaration also fails to support an inference that the County could have fulfilled its duty to keep its public sidewalks safe for pedestrians without also keeping the sidewalks in a safe condition for the scootering activity performed by Tatiana. The evidence does not establish that the method and cost of maintaining sidewalks against the danger of height differentials to riders of scooters would be materially different than that required to maintain sidewalks against the danger of height differentials to pedestrians.

## CONCLUSION

A fundamental rule of tort law is that all persons are legally liable for the harm they cause based on their fault reduced by any contributing fault by the injured party. (Civ. Code, § 1714; *Li v. Yellow Cab Co., supra,* 13 Cal.3d at pp. 816, 829.) The doctrine of primary assumption of risk is an exception to the rule and completely bars recovery by an injured party irrespective of the negligence of another. If we were to apply the doctrine to injuries involving toys and vehicles regardless of the manner of their use, the exception would become the rule. This we decline to do.

The judgment is reversed. Costs on appeal are awarded to appellant.

Gilbert, P. J., and Coffee, J., concurred.

Respondent's petition for review by the Supreme Court was denied April 28, 2004. Baxter, J., Chin, J., and Brown, J., were of the opinion that the petition should be granted.

APPENDIX